## MRS. ANTOINETTE W. DAVIS v. LEWIS VIDAL.

### No. 2265.    Decided December 4, 1912.

**1.—Lease—Assignment—Subletting—Privity.**

The assignment of a lease creates a privity of contract between the assignee and the original lessor, supporting an action by the latter against the former for the rents; but a mere subletting by the lessee has not such effect.    (P. 446.)

**2.—Lease—Assignment Distinguished from Subletting.**

In order to constitute the instrument an assignment of a lease it must transfer the entire term, that is, the entire estate and interest of the assignor in the premises. Any reservation of a reversionary interest in the grantor, even of the right to enter and dispossess the grantee on non-payment of rent, makes the contract one of subletting and not of assignment. (Pp. 447, 448.)

**3.—Same—Case Stated.**

A tenant of premises for a term of years, with power to sublet, executed to another a writing witnessing that he ''does hereby sublet, assign and transfer the above said lease'' to such person, who agreed to pay the rents provided in the original lease. But the instrument provided that if the grantee failed in such payment the grantor might elect to pay it and might at his option declare such transfer null and void and dispossess the grantee. Held that the reservation of such right in the grantor was of a contingent reversionary estate or interest in the premises, and rendered the contract one of subletting as distinguished from assignment, on which the original lessor had no cause of action against the subtenant for the rent.    (Pp. 446-451.)

**4.—Contract—Payment of Rent.**

The contract of the sub-tenant to pay the rent stipulated in the original lease was not to be taken as a promise to pay directly to the original lessor or as creating privity of contract with him.    (Pp. 450, 451.)

Error to the Court of Civil Appeals, Fourth District, in an appeal from El Paso County.

Mrs. Davis sued Vidal, and appealed from a judgment for defendant, on affirmance of which she obtained writ of error.

*A. H. Goldstein* and *John L. Dyer,* for plaintiff in error.—The court in its conclusions of law erred in holding that the contract entered into by Dallas Brewery and Lewis Vidal was a subletting, because same was not a subletting, but was an assignment and transfer of the lease of the premises therein embraced. That the agreement between the brewery and Vidal was an assignment and not a subletting, see: 2 Taylor's Landlord & Tenant, sec. 426, p. 1; 1 Taylor's Landlord & Tenant, sec. 109, p. 119; Smiley v. Van Winkle, 6 Calif., 607; Ascarete v. Pfaff, 34 Texas Civ. App.,376; 1 Wood's Landlord & Tenant, sec. 327, p. 727. That tenant can assign, though lease forbids, subject to forfeiture of lease, see: 1 Wood's Landlord & Tenant, sec. 320, p. 711. That intention to assign will govern, see: 2 Taylor's Landlord & Tenant, sec. 428. p. 4; 1 Wood's Landlord & Tenant, sec. 328, p. 731. Distinction between an assignment and sub-letting, see: 1 Wood's Landlord & Tenant, sec. 327, p. 727, 728, 728, 729, 730; 1 Wood's Landlord & Tenant, sec. 90, p. 180.

When one, for a valuable consideration, agrees with another to pay the debt of the other person to a third person, such agreement inures to the benefit of the third party, who may maintain an action thereon, and there is a privity of contract between them and one may enforce a contract, though not specifically named, if sufficiently indicated. Mathonican v. Scott & Baldwin, 87, Texas, 398, and authorities cited; 3 Page on Contracts, 2017, sec. 1308; 2 Wood's Landlord & Tenant, sec. 547, p. 1334; Giddings v. Felker, 70 Texas, 177.

*Beall, Kemp & Ward,* for defendant in error. There was no privity of contract between appellant, Antoinette Davis, and appellee, Lou Vidal. The instrument of date October, 1907, executed by Dallas Brewery and Lou Vidal, was not an assignment of the lease of appellant to the Dallas Brewery to appellee, Vidal, but was a sub-lease; and the court did not err in its conclusions of law in so holding. Woods Landlord & Tenant (2d ed.), sec. 65, and notes thereunder: Dunlap v. Bullard, 131 Mass., 161; Fulton v. Steward, 2 Ohio, 215; Crusoe v. Bugby, 3 Wills, C. P. L., 234; Sexton v. Chicago Storage Co., 129 Ill., 318; 19 American and Eng. Ency. of Law, 659.

A sub-tenant is under no obligation to anyone except his immediate lessor, and as there is no privity of estate between himself and the original lessor, he incurs no personal liability to the latter, and the court did not err in holding that there was no specific promise on the part of Vidal to pay Antoinette Davis, and did not err in holding that appellant, Antoinette Davis, could not sue upon the contract entered into between the Dallas Brewery and appellee, Vidal. Same authorities; also, 18 Am. & Eng. Ency. Law, 658; Wheeler v. Hill, 16 Me., 329.

MR. JUSTICE DIBRELL delivered the opinion of the court.

This is a suit by Antoinette W. Davis brought in the District Court of El Paso County against Lewis Vidal, to recover the sum of $1,200.00 alleged to be due her by Vidal for the use of certain premises situated in the City of El Paso, of which Vidal was in possession

as the assignee of the Dallas Brewery. The sole question of law involved in the case is whether a certain instrument of writing executed by the Dallas Brewery to the defendant, Vidal, on October 1, 1907, was an assignment of its lease from the plaintiff, Antoinette W. Davis, of date April 26, 1907, or a sub-letting of the premises in question. If the instrument referred to was an assignment of the lease then plaintiff was authorized to recover of the defendant the rent due on her contract of lease with the Dallas Brewery, by virtue of the privity of estate and contract that subsists between them; but if on the other hand the instrument was a sub-letting of the premises to Vidal by the original lessee the plaintiff could not recover against defendant as a sub-tenant, since in such case there is neither privity of estate nor of contract between the original lessor and the under-tenant. Harvey v. McGrew 44 Texas, 415; Legierse & Co. v. Green, 61 Texas, 131; Taylor's Landlord & Tenant, sec. 16.

The instrument in question was construed by the trial court and the Court of Civil Appeals to be a sub-letting of the premises by the Dallas Brewery to the defendant Vidal, and in accordance with that holding judgment was rendered for the defendant. Upon appeal of the case to the Court of Civil Appeals the judgment of the lower court was affirmed.

That the question involved and decided may be fully understood we embody the instrument executed by the Dallas Brewery to Vidal:

"Know All Men by These Presents, That, whereas, on the 26th day of April, 1907, Mrs. Antoinette W. Davis, acting by her agents, A. P. Coles & Brother, did lease to the Dallas Brewery the following parcel of land with the tenements thereon in the City of El Paso, County of El Paso, State of Texas, to-wit: Being the one-story and adobe composition roof building situated on lot 1 and south 24 feet of lot 2, block 135, Campbell's addition to the City of El Paso, Texas, known as Nos. 415-419 Utah street, same being leased from the 1st day of May, 1907, for three years, to be ended and completed on the 30th of April, 1910, and in consideration of same lease the said Dallas Brewery yielding and paying therefore during said term the sum of $100.00 per month, payable in advance on the first day of each and every month; and,

"Whereas, said lease provides that said premises or any part thereof may be sublet by said Dallas Brewery without the consent of said Mrs. Davis; and,

"Whereas, it is desired to transfer, assign and sublet all of said above premises so leased by the said Mrs. Davis to said Dallas Brewery to Lou Vidal;

"Now, therefore, in consideration of the premises and the sum of $300.00 to it in hand paid, the receipt whereof is hereby acknowledged, said, the Dallas Brewery, does hereby sublet, assign and transfer the said above premises and does assign and transfer the above said lease, to the said Lou Vidal, and in consideration therefor the said Vidal does well and truly agree and promise to pay the rents in said lease agreed to be paid, to-wit: the sum of one hundred ($100.00) dollars per month. each and every month hereafter en-

suing, beginning on the first day of November, 1907, in advance, on the first day of each month so hereinafter ensuing.

"And the said Vidal does agree and bind himself and obligates himself to in all respects indemnify, save and hold harmless said Dallas Brewery by reason of any of the terms or conditions in said lease contained, including the payment of rent therein provided to be paid, and should the said Dallas Brewery elect to pay any rent therein provided, or be called upon to pay any rent therein provided, upon same being done the said Vidal agrees to pay the same with interest at the rate of ten per cent per annum; or if the said Vidal neglects or fails to pay said rent promptly, as in said lease provided to be paid, then and in such event the Dallas Brewery can and may at its option declare this transfer null and void, and thereupon oust the said Vidal, and assume possession thereof, and this without notice of any character or kind to the said Vidal; and the failure to pay any rent as in said lease provided to be paid, at the election of the said Dallas Brewery, can and may authorize it without notice to re-enter and repossess said premises."

In construing the effect of the foregoing instrument it is not conclusive as to its form, since it may be in form an assignment and yet be in effect a sub-lease. The question is one of law to be determined from the estate granted by the instrument. As a general proposition if the instrument executed by the lessee conveys the entire term and thereby parts with all of the reversionary estate in the property the instrument will be construed to be an assignment, but if there remains a reversionary interest in the estate conveyed the instrument is a sub-lease. The relation of landlord and tenant is created alone by the existence of a reversionary interest in the landlord. Out of this fact arises the distinction made between assignments and sub-tenancies. To state the test slightly different from that already stated, if the instrument is of such character by its terms and conditions that a reversionary interest by construction remains in the grantor of the property, he becomes the landlord and the grantee the tenant. The tenant who parts with the entire term embraced in his lease becomes an assignor of the lease and the instrument is an assignment, but where the tenant by the terms, conditions or limitations in the instrument does not part with the entire term granted him by his landlord so that there remains in him a reversionary interest, the transaction is a subletting and not an assignment. Forrest v. Durnell, 86 Texas 647 (26 S. W., 481); Gulf C. & S. F. Ry. So. v. Settegast, 79 Texas, 263 (15 S. W., 228); 24 Cyc., 974-975; Wood on Landlord & Tenant, 2 ed., sec. 65.

It will be observed that in stating the general rule as to what constitutes an assignment of a lease as distinguished from a sub-lease, the requirement is that the instrument must convey the whole *term,* leaving no interest or reversionary interest in the grantor.

By the word, "term," as used in the statement of this principle of law is meant something more than the mere *time* for which the lease is given, and the instrument must convey not only the entire time for which the lease runs, but the entire estate or interest conveyed by the lease. Mr. Blackstone in his commentaries, book 2,

page 144, in commenting on the significance of the word, "term," when used in leases, says: "Thus the word *term* does not merely signify the time specified in the lease, but the estate also and interest that passes by the lease; and therefore the *term* may expire, during the continuance of the *time*; as by surrender, forfeiture and the like." The meaning of the word *term* as defined by Blackstone above was adopted by the Supreme Court of Massachusetts in the case of Dunlop v. Bullard, 131 Mass., 162, and by a number of text writers on the subject of assignments and sub-leases.

Mr. Blackstone in his commentaries, book 2, page 327, defines an assignment to be and draws the distinction between an assignment and a lease of property as follows: "An *assignment* is properly a transfer, or making over to another, of the right one has in any estate, but it is usually applied to an estate for life or years. And it differs from lease only in this: that by a lease one grants an interest less than his own, reserving to himself a reversion; in an assignment he parts with the whole property, and the assignee stands to all intents and purposes in the place of the assignor.' If we may accept this definition from so eminent authority upon the common law, which definition and distinction so concisely stated and drawn seems to have met the approval of this court in other cases, and apply it to the facts of the case at bar the conclusion must be reached that the instrument executed by the Dallas Brewery to Vidal was a sub-lease and not an assignment. The instrument speaks for itself. By its terms the whole estate granted to the Dallas Brewery by its lease from Mrs. David is not conveyed, for the reason there is reserved to the Dallas Brewery a contingent reversionary interest in the estate, to be resumed summarily upon the failure of Vidal to pay rent. More than this, and of equal significance, by the terms of the instrument the Dallas Brewery reserved the right to pay the rent to the original lessor, and thereby the right was reserved to forestall Mrs. Davis, upon the failure of Vidal to pay the rent, from exercising the right to re-enter and possess the premises. That right was reserved to the Dallas Brewery and gave it the power to control the estate in the premises upon failure by Vidal to pay it the rent.

If the instrument was an assignment of the lease the Dallas Brewery must of necessity have parted with all its estate and interest in said premises, and could therefore exercise no right in or control over the premises. If the instrument was an assignment of the lease the legal effect was to substitute Vidal in lieu of the Dallas Brewery. But this was not the case. By the terms of the instrument the Dallas Brewery retained the control of the possession of the leased premises, thereby denying the legal effect of an assignment, which would have given Mrs. Davis the right of re-entry and possession of the property upon Vidal's failure to pay the rent.

We are aware that there is great conflict of authority upon this subject, and that it would be futile to attempt to reconcile such conflict. Many of the authors of the text books on the subject of the assignment of leases and sub-letting under leases, and the decisions of a great many of the States in this Union hold that the fact that

the right of re-entry is reserved in the assignment to the assignor upon failure of the assignee to pay rent does not change the instrument of assignment from such to a sub-lease. The holding of such authors and decisions is based upon the theory that the right of re-entry is not an estate or interest in land, nor the reservation of a reversion. They hold that the reservation of the right of re-entry upon failure to pay rent is neither an estate nor interest in land, but a mere chose in action, and when exercised the grantor comes into possession of the premises through the breach of the condition and not by reverter.

Those authorities which hold the contrary doctrine base their ruling upon the idea that the reservation in the instrument of the right of re-entry is a contingent reversionary interest in the premises, resulting from the conveyance of an estate upon a condition subsequent where there has been an infraction of such condition. This view of the law is strongly presented in the opinion in the case of Dunlap v. Bullard, 131 Mass., 163, as follows: ''Where an estate is conveyed to be held by the grantee upon a condition subsequent, there is left in the grantor a contingent reversionary interest. It was said in Austin v. Cambridgeport Parish, 21 Pick., 215, 223, that the grantor's contingent interest in such case was an estate which was transmissible by devise and passed under a residuary devise in the will of the grantor. It was declared to be a contingent possible estate, which, united with that of the tenants, 'composed only the entire fee-simple estate, as much so as the ordinary case of an estate for life to A, remainder to B.' In Brattle Square Church v. Grant, 3 Gray, 142, 147, it was said, that when such an estate is created 'the entire interest does not pass out of the grantor by the same instrument of conveyance. All that remains, after the gift or grant takes effect, continues in the grantor, and goes to his heirs. This is the right of entry, which, from the nature of the grant, is reserved to the grantor and his heirs only, and which gives them the right to enter as of their old estate, upon the breach of the condition.' These considerations are equally applicable whether the estate subject to the condition subsequent is an estate in fee, or an estate for life or years. They apply where, by the terms of an instrument which purports to be an underlease, there is left in the lessor a contingent reversionary interest, to be availed of by an entry for breach of condition which restores the sub-lessor to his former interest in the premises. The sub-lessee under such an instrument takes an inferior and different estate from that which he would acquire by an assignment of the remainder of the original term, that is to say, an interest which may be terminated by forfeiture on new and independent grounds long before the expiration of the original term. If the smallest reversionary interest is retained, the tenant takes as sub-lessee, and not as assignee.''

We are not able to discern why there may not be a contingent reversionary estate or interest in land, as well as any other contingent estate or interest. It certainly cannot be contended upon sound principle that because the right of re-entry and resumption of possession of land is contingent that it is thereby any the less an estate

or interest in land. The very definition of a contingent estate as distinguished from a *vested* estate is that "*the right to its* enjoyment is to accrue on an event which is dubious and uncertain." 1 Washburn on Real Property, 38.

That the right of re-entry is an estate or interest in land seems to have been recognized by Platte in his work on Leases, volume 2, page 218: * * * "a right of re-entry, whether immediate or future, and whether vested or *contingent*, into or upon any tenement or hereditament in England, of any tenure, may now be disposed of by deed."

We think it deducible from respectable authority that where the tenant reserves in the instrument giving possession to his transferree the right of re-entry to the premises demised, upon failure to pay rent, he necessarily retains a part of or an interest in the demised estate which may come back to him upon the happening of a contingency.

The instrument under consideration does not convey the entire estate received by the Dallas Brewery by its lease from Mrs. Davis, but retains by the right of possible re-entry a contingent reversionary interest in the premises. That the interest retained is a contingent reversionary interest does not, it seems to us, change the rule by which an assignment may be distinguished from a sub-lease. If by any limitation or condition in the conveyance the entire term, which embraces the estate conveyed in the contract of lease as well as the length of time for which the tenancy is created, may by construction be said not to have passed from the original tenant, but that a contingent reversionary estate is retained in the premises the subject of the reversion, the instrument must be said to constitute a sub-letting and not an assignment.

The following test may be applied to determine whether the instrument in question is an assignment of the original lease, or a sub-letting of the premises. If it is an assignment its legal effect must be a transfer of the right of possession of the property conveyed to Vidal and the creation of a privity of estate and contract between Mrs. Davis, the original lessor, and Vidal, to whom the possession was granted by the Dallas Brewery. This would be essential to constitute the instrument an assignment, and if it was an assignment Vidal obligated himself to pay the rent to Mrs. Davis and the Dallas Brewery had no further connection with or interest in the transaction. But such a result can by no fair or reasonable construction of the language and provisions of the instrument be deduced therefrom. On the contrary the Dallas Brewery reserved the privilege of paying the rent to its lessor, and upon non-payment of rent by Vidal it reserved the right to declare the instrument forfeited and to repossess the premises without notice to or the consent of Vidal. There can be but one theory upon which the Dallas Brewery considered itself interested in seeing that the rent was promptly paid by Vidal, and that is that it desired to control the property in question and therefore intended and by the language and reservation in the instrument made it a sub-lease.

We do not think the proposition tenable that by the express terms

of the agreement between the Dallas Brewery and Vidal, or by implication, Vidal obligated himself to pay the rent to Mrs. Davis. The provision of the contract relied upon to establish the fact that Vidal obligated himself to pay the rent to the lessor in the original lease is the following, ''and in consideration therefor the said Vidal does well and truly agree and promise to pay the rents in said lease agreed to be paid, to-wit: the sum of one hundred dollars per month.'' Under the uniform rule of construction the latter part of the above sentence explains and qualifies the preceding part. The obligation of Vidal was to pay the rents in said lease agreed to be paid, that is, the sum of one hundred dollars per month, payable on the first day of each month in advance. There is nothing in the agreement from which it may be inferred that Vidal obligated himself to pay the rents directly to Mrs. Davis.

Having reached the conclusion that the instrument executed by the Dallas Brewery to Vidal conveying the premises in question was a sub-lease and not an assignment, by reason of the provision reserving to the Dallas Brewery the right of re-entry, which had the effect to withhold a part of the term granted by the original lease, or which retained an interest in said estate; and because by the other terms of the instrument reserving to the Dallas Brewery the discretion to pay the rents upon its own responsibility and upon the failure of Vidal to pay the same to it, the right to declare the instrument forfeited and to re-enter and take possession of the premises indicate the intention and purpose of the parties to enter into a sub-letting of the premises and not to assign the original lease, we conclude there exists no privity of estate or contract between the plaintiff, Mrs. Davis, and the defendant, Lewis Vidal, and that Mrs. Davis has no cause of action authorizing her to recover judgment against Vidal.

Other questions presented in briefs of counsel are not discussed, for the reason their disposition is not essential to the decision of the case, in consequence of the view we have taken of its merits.

The court is of the opinion the judgments of the Court of Civil Appeals and of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*