## DAVIS v. FIRST NAT. BANK OF EL PASO.
### (No. 1555.)

(Court of Civil Appeals of Texas. El Paso. Jan. 10, 1924. Rehearing Denied Feb. 7, 1924.)

1. **Chattel mortgages ⬦138(3)—Landlord and tenant ⬦79(3) — Sublessor has landlord's lien on sublessee's chattels on premises superior to subsequent chattel mortgage; assignor of lease has no lien on assignee's property.**

A sublessor has a landlord's lien for unpaid rent on chattels of the sublessee on the premises subleased superior to sublessee's subsequent mortgage on the chattels, but an assignor of a lease has no lien upon the assignee's property.

2. **Landlord and tenant ⬦79(1) — "Assignment" of a lease and "subletting" distinguished.**

The test whether a transaction constitutes "assignment of a lease" or "subletting" is: If the tenant parts with the entire term of his lease, it is an assignment, but where the tenant by the terms, conditions, or limitations in the instrument does not part with the entire term, so that there remains in him a reversionary interest, it is a "subletting."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Assignment; Second Series, Subletting.]

3. **Landlord and tenant ⬦79(1)—As between lessee and assignee assignment contract may create landlord and tenant relation.**

Even though lessee assign his lease for the entire term, as between the parties the relation of landlord and tenant may be created where the contract shows that intention.

4. **Landlord and tenant ⬦79(1)—Designating assignment of lease as sublease held without effect.**

That an instrument which was in fact an assignment of a lease designated the transaction as a sublease *held* a mere misnomer, as the legal effect of the instrument was to be determined by its terms.

### On Rehearing.

5. **Landlord and tenant ⬦75(3)—Landlord's consent immaterial on issue of whether transaction was sublease or assignment.**

On the question of whether a transaction was a sublease or assignment of a lease to one F., the landlord's consent or refusal to accept F. as its tenant or to release the assignor and to look to F. for the rentals was immaterial.

6. **Landlord and tenant ⬦75(3)—Landlord assenting to assignment of lease need not release assignor from payment of rent.**

A landlord assenting to assignment by tenant of his lease has the right to refuse to release the assignor and accept the assignee as tenant, and look to him for the rentals.

7. **Landlord and tenant ⬦75(3)—Subletting or assigning without landlord's consent not necessarily a nullity.**

A tenant may not sublet or assign without the landlord's consent; but, if he does, the subletting or assignment is not a nullity, as the landlord may waive his right to cancel the lease.

Appeal from El Paso County Court, at Law; J. M. Deaver, Judge.

Action by the First National Bank of El Paso against R. F. Davis and others. Judgment for plaintiff, and the named defendant appeals. Affirmed.

See, also, 248 S. W. 119.

Steve Lattner, of El Paso, for appellant.
J. A. Gillett, of El Paso, for appellee.

HIGGINS, J. Appellee sued P. L. Fison upon a note in its favor executed by Fison and to foreclose a chattel mortgage executed by him securing the note. Roy C. Hughes and appellant Davis were made parties defendant as claiming an interest in the mortgaged property.

The material facts are as follows:

On February 23, 1917, the Raynolds Realty Company leased to E. E. Ryan certain premises for five years at a stipulated monthly rental. On November 5, 1918, Ryan assigned the lease to the appellant with the consent of the lessor.

"On the 17th day of January, 1921, by written instrument of that date, the said R. F. Davis transferred all of his interest in the said lease to P. L. Fison; and this transfer was known to the Raynolds Realty Company, the owner of the premises involved, but the said Raynolds Realty Company refused to release, the said R. F. Davis from his obligation to pay the rent. That all of the aforesaid transfers of the said lease were called 'subleases' by all the parties thereto, but each transfer was for the full unexpired term of the lease. * * *

"The transfer from Davis to Fison was by a written instrument which was not placed of record and was for the full unexpired term of

said lease, but was called in said instrument a 'sublease,' and under the terms of said written transfer Fison agreed to be bound by the provisions of the original lease."

On January 17, 1921, Davis also sold and delivered to Fison certain personal property upon the premises, being the same upon which appellee sought to foreclose.

On June 7, 1921, Fison executed and delivered to appellee the note sued upon, together with a mortgage upon such property to secure the payment of the note.

Fison failed to pay the rental for June and July, 1921, amounting to $600, and Davis was compelled to pay same, whereupon Fison turned the property back to Davis, who subsequently sold same to Hughes.

The case was tried without a jury and judgment rendered in favor of appellee as prayed for, whereupon Davis appeals. Findings of fact and conclusions of law were not filed by the trial court.

Appellant claims that he has a landlord's lien upon the mortgaged property superior to the mortgage executed by Fison. His position is thus stated in the only proposition submitted in the brief:

"Where a lessee assigns his lease to a third party, and the lessor consents to the occupancy and use by the third party, but refuses to release the lessee and accept the third party as a tenant and look to him for the rentals, the third party becomes the tenant of the lessee, and the lessee the landlord of the third party, and the lessee has a statutory lien upon the property of the third party in the premises so let."

[1] The controlling question in the case is: Was there an assignment of the lease by Davis to Fison or an underletting of the premises? If it was an underletting, Davis had a superior statutory landlord's lien. If it was an assignment, he had no lien, and re-acquired the mortgaged property subject to appellee's mortgage. In the determination of the question at issue none of the authorities prescribe the test announced in appellant's proposition.

[2] In determining whether a transaction constitutes an assignment of a lease or a subletting, the test is that, if the tenant parts with the entire term of his lease, it is an assignment and he becomes an assignor, "but, where the tenant by the terms, conditions or limitations in the instrument does not part with the entire term granted him by his landlord so that there remains in him a reversionary interest, the transaction is a subletting and not an assignment." Davis v. Vidal, 105 Tex. 444, 151 S. W. 290, 42 L. R. A. (N. S.) 1084; Forrest v. Durnell, 86 Tex. 647, 26 S. W. 481.

[3] But as between the parties to the transaction this test is not conclusive and by contract the relation of landlord and tenant may be created, even though the tenant parts with the entire term. But this is true only where the contract shows that this was the intention of the parties. Frith v. Wright (Tex. Civ. App.) 173 S. W. 453, is an application of this exception to the usual test. See, also, 1 Taylor's Landlord and Tenant (9th Ed.) § 16, and many cases cited in 16 R. C. L. 825, and notes in 42 L. R. A. (N. S.) 1084; and 7 Ann. Cas. 537.

The written contract between Davis and Fison is not copied in the record, but according to its terms as quoted above Davis parted with his interest in the lease for its entire term and reserved no reversionary interest of any character. The legal effect of such an instrument constituted it an assignment.

[4] There is nothing in the statement of its contents to show that it was the intention of the parties to create the relation of landlord and tenant instead of assignor and assignee. It is stated that in the instrument the transaction was designated as a sublease, but this was a mere misnomer, and its legal effect is to be determined by its terms.

We are therefore of the opinion that upon the facts reflected by this record the transaction between Davis and Fison established the relation of assignor and assignee and not that of landlord and tenant. Davis, therefore, had no landlord's lien.

Affirmed.

### On Rehearing.

[5] It is insisted that because the landlord refused to accept Fison as its tenant the relation of landlord and tenant must have existed between Davis and Fison because the latter, of necessity, was somebody's tenant. This does not follow because Fison may have been the assignee of Davis and a trespasser as to the landlord refusing to assent to the assignment.

[6] Moreover, the appeal was not presented upon the theory that the landlord refused its assent to the use and occupancy of the premises by Fison. The only proposition in the brief expressly assumed that the landlord assented thereto but asserted that Fison was the tenant of Davis because the landlord refused to release Davis and accept Fison as its tenant and look to him for the rentals. This the landlord had the right to do. Cauble v. Hanson (Tex. Civ. App.) 224 S. W. 922, and Id. (Tex. Com. App.) 249 S. W. 175.

Nor do we think that the consent of the landlord has anything to do with determining the legal effect of the contract as between Davis and Fison. The effect of that contract as between the parties thereto is measured by its own terms, and nothing the landlord might or might not do would alter the legal effect of same as between them.

[7] Of course, the tenant may not sublet or assign without the consent of the landlord; but, if he does, the subletting or assignment is not a nullity as claimed by appellant, for the landlord may waive his right to cancel the lease. And the record in this

case clearly shows that the landlord, if it did refuse to consent to the assignment, waived any right of forfeiture which accrued in his favor.

The original brief and the motion for rehearing, in large measure, are devoted to a discussion of the relation which arose between Fison and the landlord, but that is not the question at issue. The controlling question is what was the relation between Davis and Fison, and, according to the agreed statement, Davis parted with his interest in the lease for its entire term, reserved no reversionary interest of any character and nothing to show that it was the intention of Davis and Fison to create the relation of landlord and tenant instead of assignor and assignee. Under such circumstances, all of the authorities, as we view them, treat the transaction as an assignment and not a subletting.

The motion for rehearing is overruled.