*580 OPINION.
Akundell:
The major difference between the parties is whether the contracts between Smitherman on the one hand, and the Gilliland and Ohio oil companies, on the other, are sales or subleases. The petitioners contend that the instruments are subleases and that as sublessors they are entitled to depletion based on discovery value under the provisions of -Treasury Decision 3938. The respondent concedes that if the instruments are subleases, then the petitioners are entitled to depletion, but he contends that the instruments are contracts of sale or assignments.
An assignment is an act whereby the alienor' transfers the whole or a part of his interest for the whole term. Where only a part is so transferred an assignment fro tanto is effected. In order for a transfer to operate as a sublease, as distinguished from an assignment, it is necessary that the transfer leave a reversionary interest in the transferor.
The test is whether the grant leaves a reversionary interest in the original lessee or operates to transfer his entire term. The essential nature of the conveyance is not affected by the particular words employed, and though the instrument purport to be a lease or demise, it may still be an assignment. Broadly speaking, the distinction between an assignment and sub-lease is that by the former the lessor conveys his whole interest in the unexpired term, leaving no reversion in himself, while the latter transfers a part only of the *581 leased premises for a period less than the original term. * * * An under-lease for the whole term is an assignment. Technical terms or special words are not necessary to an assignment. Any language which shows the intention of the parties to transfer the property from one to the other is sufficient, the form of the instrument being immaterial. If it has the legal effect to pass to another the lessee’s interest in the whole or in any part of the demised premises for his entire term, or the remainder of his term, it is an assignment. (Thompson on Heal Property § 1372, 1373, supported by copious citations.)
See also Craig v. Summers (Minn.), 49 N. W. 742; Stewart v. Long Island R. Co., 102 N. Y. 601; 8 N. E. 200; Davidson v. Minnesota Loan & Trust Co. (Minn.), 197 N. W. 833; In re Bayley, 177 Fed. 522; 35 C. J., Landlord and Tenant, §§ 80-83; 16 B. C. L., Landlord and Tenant, § 319 et seq.
The above rules are those of the common law. While the views of the common law and the civil law differ somewhat as to the nature of leases (Viterbo v. Friedlander, 120 U. S. 707), the courts of Louisiana seem to draw the same distinction between assignments and subleases as do the courts of the common law States. The case of Walher v. Dohan, 39 La. Ann. 743; 2 So. 381, quotes from Bartels v. Creditors, 11 La. Ann. 433, as follows:
Theie are two ways of selling the unexpired term of a lease — one by selling it for a premium, subject to the payment of the rent to the landlord; the other by selling or assigning the right of occupation without the assumption of rent. The latter .is the more frequent way of selling or assigning it, since it rarely happens that the unexpired term of a lease is worth a premium. The case of a sublease is a familiar illustration of one form of this latter mode of assignment.
The recent case of Smith v. Sun Oil Co., 165 La. 907; 116 So. 379, notes the same distinction between assignments and subleases as is set out above, quoting the definition of “ under-lease ” from Bou-vier’s Law Dictionary as follows:
An alienation by a tenant of a part of his lease, reserving to himself a reversion; ,it differs from an assignment, which is a transfer of all the tenant’s interest in the lease. W. Bla. 766. And even a conveyance of the whole estate by the lessee, reserving to himself the rent, with a power of re-entry for non-payment, was held to be not an assignment but an underlease.
The court further quotes from Taylor on Landlord and Tenant, in part as follows:
An assignment differs from a lease in that, by the latter, the lessor grants an interest less than his own, reserving to himself a reversion; but by an assignment he parts with the whole of his interest in the estate. * * * But it is held that if by the terms of the conveyance, be it in the form of a lease or an assignment, new conditions with a right of entry, or new causes of forfeiture, are created, then the tenant holds by a different tenure, and a new leasehold arises, which cannot be treated as an assignment or a continuation lo him of the original term.
*582 That the' distinction is fully recognized in Louisiana, not only by the courts but also by statute is shown by the following excerpt from the Smith v. Sun Oil Co. case:
The Civil Code, in article 2725, recognizes the distinction between a sublease and an assignment of a lease, for ,it provides that a lessee has the right of sublease, or even to cede his lease, to another person, unless the right is expressly prohibited * * *.
Examining the contracts in the light of the above discussion, it is difficult to see in them anything on which to rest the claim that they are subleases. There is no hint in them of any reservation of a reversion in favor of the grantor, but, on the contrary, the interests conveyed by them are conveyed for the whole of the grantor’s term. The parties to the Ohio Oil Co. contract were apparently aware that no reversionary interest was retained by Smitherman and his associates, for in a letter dated the same day as the contracts, the Ohio Oil Co., referring to the “ act of assignment,” expressed its agreement to offer to Smitherman, and at his request to reassign or reconvey to him such of the leases as it might desire to surrender. The instruments here do not even reserve to the grantor any power of reentry for breach of covenant, which is held in a minority of cases to constitute an instrument a sublease (See Davis v. Vidal, 105 Tex. 444; 151 S. W. 290); they do not impose any obligations under penalty of forfeiture or reversion as appears to have been the case in Smith v. Sun Oil Co., supra. That the contracts in the latter case and those before us are materially different is apparent from the following excerpt from the court’s opinion:
The conditions of and in the contracts between the Sun Company [the lessee] and Elliott [the sub-lessee] which made it a sublease, and not merely an assignment were that the Sun Company did not dispose of all its rights and obligations under the original lease on the 20 acres of land, but granted to Elliott an interest less than its own, and imposed upon him obligations under penalty of reversion to the Sun Company, in addition to the obligations which Elliott assumed in favor of the original lessor. * * ⅜ It was stipulated that Elliott should pay an additional one-eighth royalty to the Sun Company, besides paying the one-eighth royalty due to the original lessor; and it was stipulated that all of Elliott’s rights as lessee should revert to and revest in the Sun Company whenever Elliott should cease operations, and that all of the drilling material turned over to him should also revert to the Sun Company.
It is upon this case that petitioners principally rely in making their claim that they were sublessors and not assignors. From a comparison of the contract as above described with those under which petitioners make their claim, about the only point in common that we see is the overriding one-eighth royalty. The. conditions present in that case are not present here, and the court explicitly holds that it was those “ conditions * ⅜ * which made it a sublease.” Be *583 cause of this difference in the facts the conclusion in the Sun Oil case can not be taken as controlling in the present cases.
In the course of the opinion in the Sun Oil case the court quotes from a commentator the following rule of construction:
In case of doubt, the expression employed should always be consulted; thus the word “assignment” of lease, if it is not interpreted by another clause, indicates that there was actually an assignment.
Now let us look at the contracts to see what expressions the parties used, with italics supplied. In the Gilliland contract the grantor says that he “does * * * sell, assign, set over, transfer and deliver * * * an undivided half interest” in the discovery 40 acres and a “like interest” in the Anna Taylor Well No. 2, the machinery tanks, etc., “ to have and to hold unto the said purchasers * * * subject to the terms and conditions ” of the original leases, and “the consideration for which this sale and assignment is made is the sum and price of Six Hundred Thousand ($600,000) Dollars.” In the working agreement which had been entered into prior to the formal contract, Smitherman agreed to “ sell, assign, and set over ” and the Gilliland Company agreed “ to buy * * * an undivided half interest * * *.”
In the Ohio contract, Smitherman as grantor “does * * * sell, assign, set over, transfer and deliver * * * that certain gas and mineral lease * * * to have and to hold unto the said Ohio Oil Company * * * in consideration of the sum and price of Three Million ($3,000,000) Dollars * * * and the obligation of said Ohio Oil Company to pay over and deliver to the assignor * * * the sum of One Million ($1,000,000) Dollars * * * and subject to the further obligation of the assignee * ⅛ * to pay over and deliver unto said assignor * * * the equal one-eighth of all oil produced.”
If there could be any doubt as to what the parties intended their repeated use of the words italicized certainly dispels it. Where words used '“ have a plain and obvious meaning, all construction, in hostility with such meaning, is excluded.” Green v. Biddle, 8 Wheat. 1, 88. See also Calderon v. Atlas Steamship Co., 170 U. S. 272, 280.
Petitioners cite several Louisiana cases from which it appears that the Supreme Court of that State is inclined to view mineral contracts as leases rather than as sales. See Spence v. Lucas, 138 La. 763; 70 So. 786, and Logan v. State Gravel Co., 158 La. 105; 103 So. 526. Those decisions had to do with cases in which the “ owner of the soil ” (as the court expresses it) was a party to the contract, and in so holding they are in harmony with the Federal courts. See Rosenberger v. McCaughn, 20 Fed. (2d) 139; aff'd. 25 Fed. (2d) 699. *584 Those cases did not deal with contracts whereby a lessee transferred his rights to a third party, and, consequently, they can not be said to be any authority for the question we have to decide.
Our conclusion is that the contracts between Smitherman and the Gilliland Oil Co. and the Ohio Oil Co. were not subleases, but they were assignments. Accordingly, petitioners are not entitled to depletion based on discovery value as deductions from the consideration received for such assignments.
In view of the conclusion reached, it is unnecessary to attempt to determine the fair market value of the discovery property.

Judgment will he entered under Rule SO.