## FINDLEY v. UNITED STATES.
### No. 2802.

District Court, W. D. Louisiana, at Monroe. Jan. 18, 1939.

On Rehearing Aug. 5, 1939.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, La., for plaintiff.

H. G. Fields, U. S. Atty., and J. F. Hardin, Asst. U. S. Atty., both of Shreveport, La., Arthur L. Jacobs, of New York City, Jas. W. Morris, Asst. Atty. Gen., and Andrew D. Sharpe, Sp. Asst. to Atty. Gen., for the United States.

DAWKINS, District Judge.

The facts in this case have been partially stipulated and otherwise appear from the note of evidence. They are specifically found as stipulated and otherwise, as follows:

"In addition to the evidence heretofore adduced and to the evidence of Mr. J. E. Smitherman, which is to be taken upon Mr. Smitherman's return to Shreveport, the counsel for plaintiff and defendant do hereby stipulate that the case shall be submitted on the following agreed statement of facts, together with the documents hereto annexed:

"1. On or about March 13th, 1934 a federal income tax return was filed on behalf of the plaintiff for the calendar year 1933, a copy of which is attached hereto marked 'Exhibit A'.

"2. On or about March 15th, 1935 a federal income tax return was filed on behalf of the plaintiff for the calendar year 1934, a copy of which is attached hereto marked 'Exhibit B'.

"3. On May 5th, 1936, plaintiff filed a claim for refund, a copy of which is attached hereto and marked 'Exhibit C'.

"4. A statement of the assessments and payments of income tax due from the plaintiff for the calendar year 1933 is attached hereto marked 'Exhibit D'.

"5. On September 25th, 1926, Mr. and Mrs. Shelby J. Beene filed a petition to the United States Board of Tax Appeals for a redetermination of a proposed deficiency assessment based on the disallowance of a deduction for depletion on the distributive share of the income of Mr. and Mrs. Beene from the partnership doing business as the 'J. E. Smitherman, Special Account' for the calendar years 1921 and 1922.

"6. On September 25th, 1926, Dr. and Mrs. L. T. Waller filed a petition to the United States Board of Tax Appeals for a redetermination of a proposed deficiency assessment based on the disallowance of a deduction for depletion on the distributive share of the income of Dr. and Mrs. Waller from the partnership doing business as the 'J. E. Smitherman, Special Account' for the calendar years 1921 and 1922.

"7. The United States Board of Tax Appeals, pursuant to the aforesaid mentioned petitions, entered findings of fact and rendered an opinion reported in [Waller v. Commissioner of Internal Revenue], 16 B.T.A. 574 and entered a decision pursuant thereto. On a review of the aforesaid decision of the Board of Tax Appeals, the United States Circuit Court of Appeals for the Fifth Circuit rendered opinions reported in 40 F.2d 892, 893. [Waller v. Commissioner, 5 Cir., 40 F.2d 892, and Beene v. Commissioner, 5 Cir., 40 F.2d 893]. A petition for writ of certiorari from the aforesaid decision of the United States Circuit Court of Appeals was denied by the United States Supreme Court on December 1st, 1930.

"8. On December 20th, 1929, E. G. Palmer, a partner in the aforesaid partnership doing business as 'J. E. Smitherman, Special Account', filed a suit for the recovery of an assessment of additional federal income taxes for the years 1921 to 1922. By opinions rendered by the District Court of the United States for the Western District of Louisiana, the United States Circuit Court of Appeals for the Fifth Circuit and the United States Supreme Court, reported respectively in [Palmer v. Bender], 49 F.2d 316; [Id.], 57 F.2d 32, and [Id.], 287 U.S. 551, [53 S.Ct. 225, 77 L.Ed. 489], this matter was disposed of finally in favor of E. G. Palmer.

"In 1933 plaintiff received a refund of federal income taxes paid for the calendar years 1921 and 1922 in the amount of $158,960.24, plus a refund of interest thereon of $40,798.10, and interest on said refund in the amount of $76,203.70, plus costs in the amount of $17.00, or a total of $275,979.04.

"9. There is attached hereto a true statement of the assets and resources of the plaintiff as of January 31st, 1924, January 31st, 1925, January 31st, 1926 and January 31st, 1927 and January 31st, 1933, which statements altogether are to be marked 'Exhibit E'.

"10. The payment of $11,946.71 by the plaintiff to Dr. and Mrs. Waller and Mr.

and Mrs. Beene is treated on the books of the plaintiff as an expense.

"11. It is further stipulated that the partnership known as 'J. E. Smitherman, Special Account' was engaged in the business of drilling for oil and gas in Claiborne Parish, and did discover and bring in the Haynesville Oil Field during the years 1920, 1921 and 1922. There had been no development in the year 1920 at the time of the death of Mr. Layne, who was the plaintiff's first husband, and large sums of money were advanced during the years 1920 and 1921 by the partners for the drilling and development operations, of which the plaintiff advanced her proportion, which was one-sixth. The business of the partnership was conducted by three managing partners, to-wit: J. E. Smitherman, E. G. Palmer and S. L. Beene; and whatever was determined by these three partners was in every instance satisfactory to the other members of the partnership; in fact, except upon matters of broad policy, it was not necessary or customary for the three managing partners to consult with the other members of the partnership. The plaintiff and the other partners, however, were informed orally of the statement of the managing partners to Beene and Waller that all of the partners would share equally in the results that might be obtained as a result on the one hand of an appeal to the Board of Tax Appeals and on the other hand of a suit for refund in the District Court, and acquiesced in the statement thus made and subsequently the payments to Beene and Waller or other partners were made in accordance with it.

"12. During all the times here in question there were fifty partners in the partnership known as 'J. E. Smitherman, Special Account', as shown on plaintiff's Exhibit 1.

"13. From 1923 through 1934 the property owned by the 'J. E. Smitherman, Special Account' partnership was held under a sublease by other parties.

"14. From 1923 through 1934, inclusive, the activities of the 'J. E. Smitherman, Special Account' partnership consisted of collecting the income from said subleases and distributing the income thereof to the partners.

"15. The aforesaid managing partners had authority to conduct affairs of the partnership in normal transactions in the course of business. None of the other partners took any active part in the management of the partnership business.

"16. The payments by the partners in the 'J. E. Smitherman, Special Account' out of the refunds received by them as overpayments of taxes made by reason of the disallowance of the deduction for depletion claimed by the partners for 1921 and 1922 on their distributive share of the income from that partnership, to Mr. and Mrs. Waller and Mr. and Mrs. Beene, ratably according to the amount of the refunds, was done under the direction of the aforesaid managing partners. All other partners executed in writing an authorization for the distribution, a copy of which authorization has been filed in evidence and marked Exhibit 1. Except for this instrument, which is marked Exhibit 1, there was no written expression by the managing partners to the other partners of the distribution of the refund as aforesaid, which refund was as heretofore stated acquiesced in by the other partners and made in conformity to the direction of the managing partners."

More concisely stated, the plaintiff was one of approximately fifty members in a partnership known as "J. E. Smitherman, Special Account", and when confronted with the question of how they should test their right to depletion it was decided to take advantage of two methods, first, by an appeal on bond from the adverse ruling of the Commissioner of Internal Revenue to the Board of Tax Appeals, and thence to the Appellate Courts; and, second, by other members paying the full amount of the taxes claimed without benefit of depletion and suing in the District Court for a refund. The first method failed, but in the second, the trial court (the judge having participated in a decision by the Court of Appeals, Herold v. Commissioner of Internal Revenue, 5 Cir., 42 F.2d 942, 945, adverse to the taxpayers in a similar syndicate, from which he dissented), in effect, wrote an opinion in favor of the plaintiffs but rejected their claims (Palmer v. Bender [D.C.], 49 F.2d 316) because it felt bound by the prior decisions of the Court of Appeals for this circuit in the cases of Beene and Waller. Adhering to its views, as expressed in the last mentioned cases, the Court of Appeals for this circuit affirmed that judgment (Palmer v. Bender, 57 F.2d 32), but was in turn reversed by the Supreme Court, 287 U.S. 551, 53 S.Ct.

225, 77 L.Ed. 489, which allowed depletion and ordered the taxes refunded, all under the identical facts and law upon which the claims of Beene and Waller had been rejected under the first method adopted for the test. Thereupon, according to agreement, the present plaintiff and other members of the partnership made good to Beene and Waller what had been paid in income taxes as the result of the litigation through the first method. Plaintiff claimed the sum she thus contributed as her share of the reimbursement to Beene and Waller, as a loss or expense of the partnership, in her 1933 income tax return, but it was disallowed and she has brought this suit to recover.

I further find as a fact and conclusion of law that the partnership was, at the time the expenditure was made in reimbursing Beene and Waller, engaged in a business, i. e., of leasing lands, collecting and distributing the income therefrom. Of course it and all of its members were interested and concerned in minimizing the taxes to be paid upon the partnership income and the managing partners were authorized to pursue the course adopted in attempting to protect it from improper levies.

### Conclusions of Law.

The first question involved is as to whether the plaintiff was entitled, in the year 1933, when the payments to Beene and Waller were made, to charge the same as a business expense or loss against her income tax liability to the government under Section 23(a) of the Act of 1932, 26 U.S.C.A. § 23(a); and secondly, if so, has she been compensated within the meaning of that law for the loss so sustained? The section in question permitted the tax-payer to deduct—

"(a) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business

* * *

"(e) * * * losses sustained during the taxable year and not compensated for by insurance or otherwise—

"(1) If incurred in any trade or business; or

"(2) If incurred in any transaction entered into for profit, though not connected with the trade or business * * *."

Plaintiff contends that the sums paid to Beene and Waller were her part of a loss incurred by the members of the Smitherman partnership "other than Beene and Waller", and were further "an ordinary and necessary loss and expenses paid and incurred by her during the year 1933 in connection with her business and her interest in the partnership."

On the other hand, the defendant urges, (1) that the payment to Beene and Waller did not constitute a loss; (2) that plaintiff was not "engaged in any trade or business; (3) nor was the loss incurred in any "trade or business that she may be said to have carried on"; and (4) plaintiff was "compensated for the alleged loss within the meaning of that section".

In the view I have taken of the case, I think it necessary to consider only the last of these defenses. Conceding that the plaintiff was engaged in a business, either individually or through the partnership, and that the deduction which she made as a loss or expenses of that business in 1933 was erroneously paid under the deficiency assessment, the record discloses that subsequently, under authority of Congress, the amounts paid by Beene and Waller as income taxes, as the result of losing their suits before the Board of Tax Appeals and Appellate Courts, under the first method of testing the right to depletion, were refunded to them and they, in turn, returned to the plaintiff her share of what had been contributed to make them whole on their tax liability. So that she, in my opinion, was "compensated" within the meaning of the Revenue Act of 1932, for the "loss" so sustained and for which she now seeks recoupment from the defendant. This I believe to be the case, regardless of any technical question of treating income tax assessments and payments on a yearly basis. I, therefore, think she is not entitled to recover, as to do so would cause her to receive payment twice for the taxes erroneously collected by the government upon the interest of Beene and Waller in the income of the partnership, once from them, and a second time from the government. See Inland Products Co. v. Blair, 4 Cir., 31 F.2d 867; Leach v. Commissioner of Internal Revenue, 1 Cir., 50 F.2d 371, and Bergan v. Commissioner of Internal Revenue, 2 Cir., 80 F.2d 89. Plaintiff's demand should be rejected.

Proper decree should be presented.

### On Rehearing.

A rehearing was granted in this matter, because upon reconsideration it was brought to the Court's attention that the-

plaintiff had reported and paid income taxes on her return for the year 1934, the money which was repaid to her by Beene and Waller, after the latter had received it back from the Government under an Act of Congress after a decision in favor of their associates upon the same issue by the Supreme Court in the case of Palmer v. Bender, 287 U.S. 551, 53 S.Ct. 225, 77 L.Ed. 489. It is true that the amount so received by the plaintiff from Beene and Waller was slightly less than that which she had paid to them as her part of the taxes and expenses agreed to be shared in the litigation before the Board of Tax Appeals. Nevertheless, she paid income taxes on the sum after it came back to her in 1934. Therefore, if taxes upon these funds which she had paid to Beene and Waller in 1933, because of the failure of the Government to allow the deduction as a business expense, are to stand, she will have paid taxes upon substantially the same income twice; once in having the amount which she thus paid out to Beene and Waller disallowed as a deduction, and assessed to her in 1933, and again in paying income taxes upon the slightly less amount arising from the same source which was refunded to her by these individuals in 1934. When plaintiff paid her part of the expenses to Beene and Waller in 1933, she had no reason to believe that she would ever receive back from the Government any part of the sum so paid. In fact its return was not to her, but to said Beene and Waller. Hence, it was a mistake to say, as was done in the first opinion, that the taxes which she had paid on the funds paid to Beene and Waller were offset by the return which was made to her, because she returned and paid taxes on it in 1934.

It becomes necessary therefore, to determine the merits of plaintiff's present contention that she had the legal right to deduct the amount paid to Beene and Waller from her income for the year 1933.

I think it clear that "J. E. Smitherman, Special Account", was a partnership whose business was the collection and distribution of the revenues from a sale and sub-lease of oil lands under an arrangement made between the several partners to carry on their common enterprise. At the time of the sale by the partnership, to the major companies, an overriding royalty was retained and a considerable portion of the sale price was to be paid out of oil production. She and all of the partners had contributed proportionately to the expenses of discovering oil, and the subsequent activities were for the purpose of realizing the full fruits of this partnership.

As pointed out in the former opinion, when the question as to the right to depletion arose, it became necessary to decide how the testing thereof should be made. Two courses were agreed upon, the first, which was thought to be more expeditious, was through the Commissioner, Board of Tax Appeals and Appellate Courts, upon bond for the amount of the taxes, and it was agreed that Beene and Waller should adopt this means as to their individual claims for the benefit of all, and that in event of failure all should share proportionately the expenses and costs thereof. This was done, the cases were lost, and plaintiff paid her part as agreed. Thereafter, when the issue was won through the second method of payment and suit for refund in the case of Palmer v. Bender, supra, and the Government refunded the taxes paid by Beene and Waller, they in turn repaid to the other contributors their proportionate share of said refund. Regardless of whether the plaintiff had a business independent of the partnership, my conclusion is that she was at all times a member of the firm, "J. E. Smitherman, Special Account", which was engaged in a business for profit and that the payment to Beene and Waller was for benefit of the partnership or common enterprise in furtherance of its business within the meaning of the revenue law, and entitled plaintiff to deduct the same as a business expense from her income in the year 1933. Kornhauser v. United States, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505.

There should be judgment for plaintiff.

Rulings upon the requested findings of fact and conclusions of law have been indicated upon the margins thereof by the use of the words "granted" or "denied".

Proper decree should be presented.