**H. L. HAMPTON, Jr., Appellant,**

v.

**Montie E. LUM, Appellee.**

No. 8423.

Court of Civil Appeals of Texas, Texarkana.

Dec. 14, 1976.

Craig Penfold, Dallas, for appellant.

Larry Feldman, Feldman, O'Donnell & Neil, Dallas, for appellee.

CHADICK, Chief Justice.

This is an appeal from a summary judgment in a suit for damages by a landlord against his tenant. The landlord grounded a right to recovery upon breach of provisions of a written lease. Judgment was entered awarding a recovery and the tenant has appealed. The landlord, Montie E. Lum, was plaintiff below and is appellee here. The tenant, H. L. Hampton, Jr., was defendant below and is now appellant. The judgment of the trial court is affirmed.

■ The single point of error briefed by appellant is as follows:

"The trial court erred in entering a summary judgment for defendant since the language 'at the expiration of the original lease term herein, this lease shall automatically renew for a like term unless either party gives thirty (30) days written notice to the contrary' is ambiguous as a matter of law."

The quoted language within the point of error is the language of paragraph 14 of the lease agreement entered into by the parties. The lease instrument initially provides that the duration of the lease is May 15, 1974 to May 15, 1975. It is concluded that paragraph 14 of the lease is not ambiguous as a matter of law when the intention of the parties is ascertained by an examination of the language and provisions of the lease.

Appellant urges that the words *like term* in paragraph 14 renders the provisions of the paragraph ambiguous, unclear and meaningless. In conveyancing the word *term* has a technical meaning. *Davis v. Vidal,* 105 Tex. 444, 151 S.W. 290 (1912); *Curry v. Bacharach Quality Shops,* 271 Pa. 364, 117 A. 435 (1921); *Barnes v. Standard Oil Co. of California,* 167 Wash. 609, 9 P.2d 1095 (1932). As the word is used in the context shown *term* means the interest or estate created by the lease instrument and the estate's duration. In using the words *like term* in paragraph 14, the parties agree that at the expiration of the first period of the demise the estate created therein and its duration of twelve months would automatically renew. Neither the words *like term* nor the paragraph in which they appear renders the agreement ambiguous, vague or meaningless.

Although the lease speaks in terms of renewal, a lease containing provisions of this nature is treated as a present demise for the full period of time to which the lease may be extended subject to defeasance by a condition subsequent. It is a demise for twenty-four months, subject to being curtailed to twelve months. *Stewart v. Kuskin & Rotberg,* 106 S.W.2d 1074 (Tex. Civ.App.Texarkana 1937, no writ); *Haddad v. Tyler Production Credit Ass'n,* 212 S.W.2d 1006 (Tex.Civ.App.Texarkana 1948, writ ref'd); *Springfield Fire & Marine Ins. Co. v. Republic Ins. Co.,* 262 S.W. 814 (Tex. Civ.App.Dallas 1924, writ dism'd); 36 Tex. Jur.2d, Landlord and Tenant, Sec. 242, 243. The option accorded the parties is a privilege to stay or prevent automatic extension of the lease by giving notice as specified.

■ Paragraph 14 is not wholly meaningless and a mere jumble of words. It is the duty of the courts to give it a construction that renders it effective rather than ineffective. 13 Tex.Jur.2d, Contracts, Sec. 111. And if the language is susceptible to such construction it should be construed as

valid and enforceable; and if the primary purpose of the agreement is clear, a construction should be made that does not violate such purpose. 13 Tex.Jur.2d, Contracts, Sec. 122. When the lease in its entirety is considered it is apparent the parties intended that so far as renewal was concerned paragraph 14 expressed and circumscribed their rights, obligations and liabilities on May 14, 1975.

It has been demonstrated that the parties intended a demise of an estate of twelve months duration to automatically renew in the absence of notice. The extension being automatic and not requiring affirmative action by either party assumes and implies that prior notice must be given to stay or prevent extension before the extension event occurs. Nothing in the language of the lease hints at or assumes that retroactive notice would be sufficient to prevent an automatic extension. The option not to renew required prior notice and such notice was not given.

Even if the lease is construed as permitting retroactive notice the judgment of the trial court is proper as the record shows conclusively that the requisite thirty-day notice was not given retroactively.

Appellant's point of error is overruled. The judgment of the trial court is affirmed.