**BOB FERSTL CHRYSLER PLYMOUTH, INC.,
Plaintiff,**

v.

**BUDGET RENT–A–CAR SYSTEMS, INC., Defendant.**

**No. CIV.A. H–01–4105.**

United States District Court, S.D. Texas.

June 21, 2002.

Marvin L. Radar, League City, TX, for Plaintiff.

John V. Anaipakos, Houston, TX, for Defendant.

Opinion on Option

HUGHES, District Judge.

1. *Introduction.*

A subtenant claims that the landlord of the sublet property denied both the sublessor and him the opportunity to exercise the option to buy it. He may not recover because he (a) did not have the option at the date of the sale, (b) waived the opportunity to buy the property, and (c) did not show that the sublessor assigned him a viable cause of action.

2. *Background.*

In early **1995**, Budget Rent–A–Car Systems, Inc., leased property to Super Star Rent–A–Car, Inc. The lease included an option to buy the location. In the event a third party offered to buy the property, Budget had to give Super Star a copy of the offer and the opportunity to match it. In August **1997**, Super Star subleased the property to Bob Ferstl Chrysler Plymouth, Inc. In **2000**, Budget decided to sell the property.

Ferstl knew the property was for sale. In May **1999**, Budget's appraiser visited the property and met Ferstl. A year later, Budget told him that it had recently listed the property for sale for **$1.1** million. Budget and Ferstl discussed placing a for-sale sign on the property.

Ferstl had the opportunity to buy the property. After he learned it was for sale, he offered about **$650,000**, but Budget rejected his offer. Budget sent him its

realtor's information in case he wanted to make another offer. In July **2000**, Budget received a $1.2 million offer from Pyramid Investments, Inc. Budget's realtor obtained Ferstl's permission for Pyramid to visit the property. After the visit, the realtor asked Ferstl if he would like to make an offer. He declined.

Budget and Pyramid signed a contract. Later, Ferstl met with Pyramid to discuss the possibility of Ferstl's remaining on the property. In November **2000**, the sale closed. About a month after the sale, Super Star assigned its option and derivative claims against Budget to Ferstl in writing.

Ferstl makes three arguments. First, he says the sublease conveyed the option to him, and Budget denied him the opportunity to exercise it by not giving him a copy of the offer. Second, he says Super Star assigned him the option in writing after the sale, and it applied retroactively to the sale, again arguing that Budget denied him the opportunity to exercise it by not giving him a copy of the offer. Third, he says Budget denied Super Star the opportunity to exercise its option by not giving it a copy of the offer, and Super Star assigned him the resulting cause of action.

## 3. *Issues.*

The issues are whether:

- The sublease conveyed the option to Ferstl;

- Super Star's assignment of the option was effective retroactively;

- Budget denied Ferstl the opportunity to exercise the option; and

- Super Star had a cause of action to assign to Ferstl.

## 4. *What the sublease conveyed.*

■ The sublease did not convey the option to Ferstl by assignment. The sublease was not an assignment because Super Star retained a reversionary interest. *Davis v. Vidal,* 105 Tex. 444, 151 S.W. 290, 291 (1912).

Under the sublease, Super Star could repossess the property if Ferstl defaulted on the rent. Budget, the lessor, had the same right in the lease. This right to repossess in the case of default is a reversionary interest. *Id.* at 292. Because the sublease was not an assignment, no privity of contract existed between Ferstl and Budget; therefore, Ferstl cannot recover based on the sublease's being an assignment.

The sublease did not separately convey the option. It granted Ferstl the same rights as Super Star by replacing each reference to Super Star as "lessee" in the master lease with a reference to Ferstl as "sublessee;" however, since it also replaced each reference to Budget as "lessor" with a reference to Super Star as "sublessor," Super Star—not Budget—formally had the obligation to tell Ferstl of offers for the property. Since Super Star was not the owner of the property and could not receive offers, this option existed only in form, not substance, although it may have obligated Super Star to pass along the notices it got from Budget.

## 5. *Assignment of the option.*

■ Super Star's assignment of the option to Ferstl on December **12, 2002**—over a month after the sale—was not effective retroactively against Budget. The option's text refers to events only in the future, not the past. The option that obligated Budget had expired. An assignment of an expired option is an empty gesture.

The post-sale option could apply only to offers made to Pyramid, not Budget. When Pyramid bought the property from Budget, it also bought Budget's interest in the lease. Because Pyramid had succeeded Budget as owner and landlord by the time Super Star assigned the option, Pyramid—not Budget—was obligated to disclose offers. When Super Star assigned the option to Ferstl, he received an option to buy the property if *Pyramid* decided to sell it.

### 6. *Opportunity to exercise.*

■ Even if Ferstl had held an option at the time of the sale, he waived his right to exercise it. He had plenty of time. He knew the property was for sale at least six months before the sale closed. He knew the property was being appraised a year and a half before the sale closed. During this time, he made only one offer which was over 40% less than the listing price, but having made that offer, he had in effect exercised the opportunity represented by the option. The sale to Pyramid was at $1.2 million, almost 10% more than the listing price.

When Ferstl received news that Pyramid made an offer, he did not make an offer, even after Budget prompted him. He did not mention the option until over a month after the sale closed. Ferstl did not exercise the option, even though Budget gave him ample opportunity.

### 7. *Assignment of cause of action.*

While Super Star may have assigned Ferstl its cause of action, he has not shown that Super Star had a claim. He has not shown that Super Star was ready, willing, or able to exercise the option at the time of the sale. He also has not shown that Budget denied Super Star the opportunity to exercise the option. Ferstl may have

Super Star's putative cause of action, but it is nought.

### 8. *Conclusion.*

Bob Ferstl Chrysler Plymouth, Inc., will take nothing from Budget Rent–A–Car Systems, Inc., for the unexercised option.