## WALLER et ux. v. COMMISSIONER OF INTERNAL REVENUE. *

### No. 5823.

Circuit Court of Appeals, Fifth Circuit.

May 16, 1930.

John H. Tucker, Jr., of Shreveport, La., and Fred R. Angevine, of New York City, for petitioners.

G. A. Youngquist, Asst. Atty. Gen., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Robert L. Williams, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., Randolph C. Shaw and J. Louis Monarch, Sp. Assts. to the Atty. Gen. (E. Riley Campbell, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., on the brief), for respondent.

*Rehearing denied August 4, 1930.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals which rejected the claim of petitioners that they were entitled, under section 214(a)(10) of the Revenue Act of 1921, 42 Stat. 241, to deductions from their net incomes for the years 1921 and 1922 for depletion of certain oil and gas leases based on discovery value, and which held them liable for deficiencies upon their net incomes for those years without making allowances for such depletion. The decision of the Board was based upon the conclusion that certain instruments affecting the leases, which petitioners contended were subleases, constituted assignments or sales, and that consequently petitioners were not entitled under the Revenue Act above cited to a reasonable allowance for depletion.

A partnership, of which petitioners were members, acquired from the owners in 1919 a number of oil and gas leases in unproven territory, including the quarter section of land here involved. In March, 1921, oil was discovered on 40 acres of this quarter section, and within thirty days thereafter that partnership entered into a contract with the Gilliland Oil Company by which the former did "sell, assign, set over, transfer and deliver" unto the latter an undivided half interest in their lease for the consideration of $600,000, which was immediately paid in cash. In April, 1921, oil was also discovered on the remaining 120 acres, and within thirty days thereafter an instrument similar in terms was executed conveying the whole interest of the partnership to the Ohio Oil Company. The consideration for this conveyance was $3,000,000 in cash, $1,000,000 out of the first oil produced, which has been paid, and a one-eighth excess royalty.

If these instruments constitute assignments or sales as distinguished from subleases, petitioners concede that the decision of the Board was correct; on the other hand, if they were subleases, the decision was wrong.

An assignment of a lease occurs where a lessee parts with his entire interest in the demised premises or a part thereof for the unexpired term of the original lease. 16 R. C. L. 824, 826; 35 C. J. 988, 989. If the assignor convey less than his entire interest in the whole or a part of his lease, so that there still remains in him a reversionary interest, the transaction amounts to a sublease. 14 R.

C. L. 826. It follows that the Gilliland Oil Company, by acquiring the entire interest of petitioners in the undivided half of the premises described in the conveyance to it, holds by assignment and not by sublease. The Ohio Oil Company, by acquiring the entire interest to the whole of the premises described in the conveyance to it, likewise holds by assignment, unless the provision for the payment by it of one-eighth excess royalty operates to make that conveyance a sublease. The one-eighth royalty, which the Ohio Oil Company agreed to pay, was, as it was stated to be, a part of the consideration. A failure to pay it would not, under the terms of the conveyance, take away the right of the purchaser to continue to take the other seven-eighths of the oil of which upon production it became the absolute owner. Petitioners cite Logan v. State Gravel Co., 158 La. 105, 103 So. 526; and Board of Commissioners v. Pure Oil Co., 167 La. 801, 120 So. 373, to sustain the proposition that in Louisiana royalty under an oil and gas lease is rent. The holding in the first-cited case was that a mine may be leased for a certain portion of what is produced therefrom, and that it is immaterial that such portion is called royalty instead of rent, or that it is reserved only on royalty basis. In that case there was no other consideration than the royalty, and the relation that existed was that of landlord and tenant. In the other case the facts were much the same.

We think those cases are far from deciding that without exception royalty can always be said to be rent. In both of these cited cases it was clearly the intention of the parties to reserve royalty in lieu of rent, while in this case, as already stated, the intention was to require the payment of royalty as part of the purchase price. Furthermore, it is argued that there is a difference between the common law and the civil law in respect of leases, in that under the former the lessee has an estate and the lessor a reversionary interest, while under the civil law the lessor retains title and the lessee acquires only the use or enjoyment of the leased property. But, so far as material here, there is no difference in the rights of the lessor and the lessee under either system of laws. In Smith v. Sun Oil Co., 165 La. 907, 116 So. 379, the conveyance in question was held to be a sublease instead of an assignment, but it was said that the lessor had not disposed of all its rights under the original lease, but had granted an interest less than its own and imposed obligations under penalty of reversion, among which were provisions to the effect that the rights of the lessee should revert to and revest in the lessor whenever the lessee should cease to develop the lease. In the last-cited case the rights of the parties to a lease under the civil law were quoted at length, and it was recognized that under the civil law, as well as at common law, the lessor could cede his lease in whole or in part. The Sun Oil Co. Case is easily distinguishable from this case on the facts.

Our conclusion is that the decision of the Board of Tax Appeals was correct; and it is therefore affirmed.