**SOUTH VERNON OIL CO. v. HOPKINS,**
Collector of Internal Revenue.

No. 5967.

Circuit Court of Appeals, Fifth Circuit.

May 16, 1931.

L. E. Cahill and W. Leo Austin, both of Tulsa, Okl., and F. B. Walker, of Fort Worth, Tex., for appellant.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex., and Wright Matthews, Sp. Atty., Bureau Internal Revenue, of Washington, D. C. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

Appellant, after making a sale by assignment of its entire interest in an oil and gas lease, paid on demand its income tax on the profits realized from the sale without deduction being made for depletion of the lease. Upon its request for refund being refused, it brought this action, the trial of which resulted in a judgment for appellee, collector of internal revenue.

Appellant bases its claim to an allowance for depletion upon section 204 (c) (2) of the Revenue Act of 1926, 44 Stat. 16, 26 USCA § 935 (c) (2), which provides: "In the case of oil and gas wells the allowance for depletion shall be 27½ per centum of the gross income from the property during the taxable year." This court has held, in construing section 214 (a) (10) of the Revenue Act of 1921 (42 Stat. 241), which provides that in computing net income there shall be allowed as deductions in case of oil and gas wells "a reasonable allowance for depletion," that the deduction is for the benefit of the lessor, lessee, or other person having an interest in the lease, but that no deduction was intended or authorized in favor of a taxpayer after he had sold his lease and no longer had an interest in it. Waller v. Commissioner (C. C. A.) 40 F.(2d) 892; Herold v. Commissioner (C. C. A.) 42 F.(2d) 942. See, also, Pugh v. Commissioner (C. C. A.) 49 F.(2d) 76. We still adhere to those decisions; for one who has ceased to have any interest in property suffers no loss by reason of its depletion or depreciation in value. The principle of these decisions applies equally to the provision for depletion contained in the Revenue Act of 1926, which only substitutes a definite percentage of gross income for the "reasonable" allowance for depletion prescribed by the earlier revenue act.

The judgment is affirmed.