## LIEBSCHUTZ *v.* MOORE ET AL.

LEASE.—*Conveyance of Fee-Simple to Sub-Lessee Terminates Lease.—Action for Rent.*—A lessee of certain real estate sublet the same to one who subsequently, but before the expiration of the lease, became the owner of the leased premises in fee-simple, by warranty deed from the lessor, and then sued the lessee for rent.

*Held,* that the lease was terminated by the conveyance, and that the action can not be maintained.

From the Knox Circuit Court.

*F. W. Viehe* and *R. G. Evans,* for appellant.

*W. H. De Wolfe* and *S. N. Chambers,* for appellees.

Howk, J.—In this action, the appellant sued the appellees, in a complaint of a single paragraph.     Afterward, with the leave of court, the appellant filed additional second and third paragraphs of the complaint, which two additional paragraphs are the only paragraphs of complaint to be found in the record.     To each of the second and third paragraphs of the complaint, the appellees' demurrer for the want of sufficient facts was sustained by the court, and to these decisions the appellant excepted.

Judgment was rendered, upon these demurrers, against the appellant and in favor of the appellees, for their costs, and from this judgment this appeal is now here prosecuted. In this court, the only errors assigned by the appellant are the decisions of the circuit court in sustaining the appellees' demurrers to the second and third paragraphs of his complaint.

Of these two paragraphs of complaint, it is said by the appellant's learned counsel, in their brief of this cause in this court, that " the second paragraph differs from the third only in not averring a mistake in the sub-lease or assignment."

In the second part of his complaint, the appellant alleged, in substance, that on the 3d day of March, 1873, John H. Rabb, then the owner of the real estate demised, and the appellees, then partners in business under the firm name of Moore & Harris, entered into a written contract, in substance, as follows :

" This agreement, made this 3d day of March, A. D. 1873, by and between John H. Rabb, of the first part, and R. G. Moore and Frank Harris, partners doing business under the firm name of Moore & Harris, witnesseth : That the party of the first part leases and rents to the party of the second part his two-story brick storehouse, located on part of lot number one hundred and six (106),

on Main street, in the city of Vincennes, Knox county, Indiana, for the term of five years from the date hereof. In consideration whereof the party of the second part agree to pay to the party of the first part quarterly, for the first eighteen months of the term of said lease, at the rate of eight hundred and thirty dollars a year; and, for the remaining part of the term of said lease, they agree to pay said Rabb quarterly, at the rate of nine hundred dollars a year;" that the appellees immediately entered into the possession of said premises, under said lease; that afterward, on the 8th day of October, 1875, the appellant and the appellees entered into a written contract, in substance, as follows: "That, whereas the said Moore & Harris are lessees of John H. Rabb, and hold a lease on part of lot one hundred and six (106), on Main street, Vincennes, Indiana, formerly occupied by them, Moore & Harris, as a drug-store, said lease continuing until March 3d, 1878, they now sublet to the said I. H. Liebschutz the above mentioned premises for the remainder of their term of lease, and the said I. H. Liebschutz agrees to pay them therefor monthly, on the 8th day of each month, at the rate of thirty-seven dollars and fifty cents per month, and at the expiration of said lease of Moore & Harris, to wit, March 3d, 1878, to deliver up to John H. Rabb, his grantees, executors, heirs or assigns, the possession of said premises in as good condition as they now are, natural use and wear excepted; and the said Moore & Harris guarantee to the said I. H. Liebschutz the unobstructed use and possession of said premises, until the expiration of their said lease;" that afterward, on the 15th day of September, 1877, the said Rabb and his wife conveyed to the appellant said real estate, subject to the term aforesaid, and also assigned to the appellant the said lease and the rent to become due thereon; and that the appellees, well knowing all the facts aforesaid, and although the appellant had paid

the several monthly instalments falling due before that time, had not paid the instalment of rent falling due in December, 1877, either to the appellant or to said Rabb, but the same was due and unpaid.

The third paragraph of the appellant's complaint differs from the second paragraph thereof only in this, that, in said third paragraph, the appellant alleged that on the 8th day of October, 1875, he and the appellees entered into a contract, whereby they agreed to sell and assign to him the residue of said term and pay to said Rabb the rent agreed to be paid by them, by and in said lease; and, in consideration thereof, the appellant agreed to pay the appellees the sum of $37.50 per month, to be paid monthly on the 8th day of each month, to the 3d day of March, 1878; that they, the appellant and the appellees, then attempted to reduce their said contract to writing, and entered into the written contract set out in our statement of the substance of the second paragraph of the complaint; and that the said writing correctly stated their contract, except that the stipulation, that the appellees should pay said rent to said Rabb, was by accident, mistake and inadvertence of these parties, and of the draughtsman who drew the same, omitted from said written contract.

It will be seen, we think, from the allegations of both the paragraphs of the appellant's complaint, that, upon the conveyance of the demised premises, in fee-simple, to the appellant, who was at the time the owner, also, of the unexpired term of the leasehold estate therein, the latter and less estate was, *eo instanti*, merged in the former and greater estate in said premises. By the sub-lease of the demised premises for the remainder of their term, the appellees virtually assigned their written lease to the appellant; and when thereafter the appellees' lessor, Rabb, the owner in fee of said premises, conveyed the same in fee-simple to the appellant, who was already the owner of the leasehold

estate, his unexpired term merged in his estate in fee and became extinct. The appellant could not fill the characters of both landlord and tenant, in one and the same estate. The maxim is, " *Nemo potest esse et dominus et tenens.*" " Thus if A leases to B, and, before the rent becomes due, conveys the reversion to C, and C conveys it to B; the rent is hereby extinguished." 1 Hilliard on Real Property, p. 244, sec. 30. *York* v. *Jones,* 2 N. H. 454.

In 1 Greenl. Cruise on Real Property, p. 236, sec. 26, it is said: " Where a term for years becomes vested in the person who is seized of the freehold, by which there is a union of the two interests in one person at the same time, [and there is no intervening estate between the term and the freehold,] the term merges in the freehold, and becomes extinct."

Again, in sec. 48, on page 56, of the same volume of the same excellent treatise, it is said: " All inferior estates and interests in land are derived out of the fee-simple; therefore, whenever a particular estate, or limited interest in land, vests in the person who has the fee-simple of the same land, such particular estate or limited interest becomes immediately drowned or merged in it, upon the principle that *omne majus continet in se minus.*"

Applying the law thus stated to the case made by the allegations of either paragraph of the appellant's complaint, it seems to us that when he, the appellant, as the owner of the leasehold estate and the tenant in possession of the demised premises, became the owner in fee-simple, by proper conveyance, of the highest estate known to our law in said premises, his unexpired term for years therein became at once and forever, and for all purposes, drowned or merged in his greater estate in said premises. We fail to see how the alleged mistake, set up and relied upon in the third paragraph of the complaint, can possibly affect the question now under consideration. Conceding the

alleged mistake as it is pleaded, it is not claimed that the appellant, as the owner of the unexpired term for years, did not become the owner, also, of the fee-simple estate in the demised premises; and these are the controlling·facts in this case, the force and effect of which are in no manner. changed or impaired, we think, by the alleged mistake. The term for years was drowned or merged in the fee-simple estate and became extinct; and, the appellant having become both landlord and tenant. in one and the. same estate, the tenancy ceased, and the rent reserved also ceased and was determined.

, For the reasons given, we are of opinion that the court committed no error in sustaining the. appellees' demurrers to the second and third paragraphs of the appellant's com-. plaint, or either of them.

The judgment is affirmed, at the·appellant's costs.

NIBLACK, J., was absent.