LUCY A. C. A. DUNLAP & others *vs.* ENOCH P. BULLARD.

Suffolk.  March 4, 1880. — April 11, 1881.  ENDICOTT, SOULE & FIELD, JJ.,
absent.

> The lessee of an estate for a term of years, at a fixed rent payable quarterly, and who had covenanted to pay taxes, demised it to another for a term equal to the whole of the unexpired term of the original lease, by a lease containing covenants by the lessee to pay rent monthly at an increased rate and taxes, and providing that the lessor might enter and take possession for breach of covenant, and that the lessee would quit and deliver up the premises to the lessor at the end of the term. *Held,* that this was a sub-lease and not an assignment of the original lease; and that the sub-lessee was not liable to the original lessor upon the covenant to pay taxes in the original lease.

COLT, J.   This action is brought by the lessors upon a covenant to pay taxes contained in a lease given in 1855 for the term of twenty-two years, at a fixed rent payable quarterly.   The whole interest of the original lessees was transferred by successive assignments to Shepherd Ostrom, who, in 1868, leased the premises with the buildings erected since the date of the original lease to Earl W. Johnson, to hold for a term equal to the whole of the unexpired term of the original lease, but at an increased rent payable monthly.   The last-named lease also contained covenants on the part of the lessee to pay rent and taxes, and that the lessor might enter and take possession for breach of covenant, and that the lessee would quit and deliver up the premises to the lessor at the end of the term.   This lease was assigned by Johnson to the defendant, who was in possession when the taxes sued for in this action were assessed.

The plaintiffs contend that privity of estate was created between them and the defendant, as assignee of Johnson, by which the defendant became bound in law to perform the covenant to pay taxes contained in the original lease.   A covenant to pay taxes is a covenant which runs with the land, and binds those who acquire by deed or assignment the whole estate of the covenantor in the whole or some part of the land.   If the whole of the unexpired leasehold estate is conveyed, then the party to whom it is conveyed is bound, whether the conveyance is in form an assignment of the remainder of the

term, or is a sub-lease. The test to be applied is whether the lessee has parted with his whole interest in the leased premises.

In the case at bar, the interest which came to the defendant was conveyed by a lease of the premises containing all the agreements and covenants usually found in such an instrument. There is no reference in it to the original demise, and no indication of an intention on the part of Ostrom, the sub-lessor, to part with his whole interest in the leasehold estate, or to lose control of it as lessor. He provides that Johnson, the tenant, shall hold under him and pay rent to him and no one else. The rent reserved was larger in amount than that reserved in the original lease, and was payable at different times, and the lessee covenants to deliver up the premises to Ostrom, the lessor, at the end of the term. But what is more in point, the right is reserved to the lessor to enter and expel the lessee for nonpayment of rent, or breach of any of the covenants in the lease. It is clear that the parties to this lease intended to create the relation of landlord and tenant between themselves. And it is the duty of the court to give effect to this intention, unless controlled by some positive rule of law.

To constitute an assignment of a leasehold interest, the assignee must take precisely the same estate in the whole or in a part of the leased premises which his assignor had therein. He must not only take for the whole of the unexpired time, but he must take the whole estate, or, in other words, the whole term; for, in the language of Blackstone, "the word 'term' does not merely signify the time specified in the lease, but the estate also and interest that passes by that lease; and therefore the term may expire during the continuance of the time, as by surrender, forfeiture and the like." 2 Bl. Com. 144. The grant of an interest therefore which may possibly endure to the end of the term is not necessarily a grant of all the estate in the term. If by the terms of the conveyance, be it in the form of a lease or an assignment, new conditions with a right of entry, or new causes of forfeiture are created, then the tenant holds by different tenure, and a new leasehold interest arises, which cannot be treated as an assignment or a continuation to him of the original term.

Where an estate is conveyed to be held by the grantee upon a condition subsequent, there is left in the grantor a contingent reversionary interest. It was said in *Austin* v. *Cambridgeport Parish*, 21 Pick. 215, 223, that the grantor's contingent interest in such case was an estate which was transmissible by devise and passed under a residuary devise in the will of the grantor. It was declared to be a contingent possible estate, which, united with that of the tenants, " composed only the entire fee simple estate, as much so as in the ordinary case of an estate for life to A., remainder to B." In *Brattle Square Church* v. *Grant*, 3 Gray, 142, 147, it was said, that when such an estate is created " the entire interest does not pass out of the grantor by the same instrument or conveyance. All that remains, after the gift or grant takes effect, continues in the grantor, and goes to his heirs. This is the right of entry, which, from the nature of the grant, is reserved to the grantor and his heirs only, and which gives them the right to enter, as of their old estate, upon the breach of the condition." These considerations are equally applicable whether the estate subject to the condition subsequent is an estate in fee, or an estate for life or years. They apply where, by the terms of an instrument which purports to be an under-lease, there is left in the lessor a contingent reversionary inter est, to be availed of by an entry for breach of condition which restores the sub-lessor to his former interest in the premises. The sub-lessee under such an instrument takes an inferior and different estate from that which he would acquire by an assign-ment of the remainder of the original term, that is to say, an interest which may be terminated by forfeiture on new and independent grounds long before the expiration of the original term. If the smallest reversionary interest is retained, the ten-ant takes as sub-lessee, and not as assignee.

The law in this Commonwealth is settled by the cases of *Patten* v. *Deshon*, 1 Gray, 325, and *McNeil* v. *Kendall*, 128 Mass. 245. In the first-named case, Walker, the lessee of Haywood, underlet a portion of the premises to Deshon for the remainder of his term, and then assigned all his interest in the original lease to Patten It was held that, prior to the assignment to Patten, a substantial interest remained in Walker in all that part of the leased premises which had been underlet to Deshon,

and which was the right to use and enjoy, for the remainder of the term, that part of the premises let to Deshon, upon a surrender or forfeiture of the sub-lease for nonpayment of rent; and that this interest passed to the plaintiff by Walker's assignment. In *McNeil* v. *Kendall*, it was said that the decision in *Patten* v. *Deshon* had never been questioned to the knowledge of the court, and had been cited with approval in many cases in our own reports, and laid down a just and equitable rule which had been the law of Massachusetts for more than twenty years.                                    *Judgment for the defendant.*

*C. A. Welch*, for the plaintiffs.

*J. H. Young*, for the defendant.