# OHIO NISI PRIUS REPORTS

## NEW SERIES—VOLUME VII.

---

CAUSES ARGUED AND DETERMINED IN THE SUPERIOR,
COMMON PLEAS, PROBATE AND INSOLVENCY
COURTS OF OHIO.

---

### LIABILITY TO SUB-LESSEE FOR FAILURE OF QUIET POSSESSION.

Common Pleas Court of Lucas County.

ERNEST POWDER v. FRANK NEISS.

Decided, January 25, 1908.

*Lease—Transfer of, for Unexpired Term—Was it an Assignment or a Sub-letting—Transferee Compelled to Purchase Peace with the Owner—Brings an Action Against the Original Lessee on Contract and in Tort for Loss Sustained—"Term" Comprehends Time and Estate—Notice—Imperfect Return by Constable.*

1. Where a lessee transfers his lease to a second party who in turn enters into a written agreement with a third party whereby he conveys the lease to said third party for a term equal to the unexpired term of the lease and at the same rental, with a defeasance clause and an agreement on the part of said third party to attorn to the second holder and deliver up the premises to him at the end of the term, or upon failure to comply with the provisions of the lease, the contract is an assignment and not a sub-letting, and there is no privity between the third in occupation and the original lessee, and the said third party can not maintain an action against the original lessee, upon an implied warranty of title and quiet enjoyment of the premises, for expenses incurred in defending a suit in

forcible entry and detainer and in buying peace with the owner of the premises.

2. The transcript of a record from a justice of the peace in a forcible entry and detainer action, which shows no more with reference to notice to the defendant-than that he was served "in person," is clearly insufficient to show that the justice obtained jurisdiction over the defendant.

*Failing & Epstein,* for plaintiff.
*Frederick B. Willard* and *Alonzo G. Duer,* contra.

MORRIS, J. (orally).

The defendant, Neiss, leased certain real estate from one Margaret Herb for a term of years. During his term Neiss sublet the premises for the remainder of his term to one Tschirret. Before the time of the original lease had expired Tschirret, by a written instrument containing the usual covenants of a lease, let the premises to the plaintiff, Powder, at the same rental, for the whole of the unexpired time of the original lease, and Powder took possession. Subsequently the original lessor, Margaret Herb, brought an action in forcible entry and detention before a justice of the peace against Neiss, Tschirret and Powder, and a judgment for restitution of the premises was entered in said case against all the defendants. Neiss, however, did not appear, and the record in said case shows the return of the constable, as follows:

"Received this writ Sept. 2, 1905, and on Sept. 2, 1905, I served Ernest Powder by leaving a true copy at his usual place of residence, and Emil Tschirret and Frank Neiss in person."

Thereupon, the plaintiff, Powder, paid Margaret Herb, who he claims in his petition was the owner of the paramount title, the sum of $100 in consideration of her allowing him to remain in quiet and undisturbed possession of the premises. And this action is brought by Powder against Neiss to recover as damages the $100 so expended by Powder to Herb, and in addition about $60 expended by him in costs, expenses and attorney fees in the forcible entry and detention case. Plaintiff claims the defendant, Neiss, is liable to him by reason of an implied warranty of title and quiet enjoyment contained in the lease of the premises, which Neiss made to the plaintiff's lessor, Tschirret; and

also by reason of alleged false representations on the part of Neiss as to the property in question.

At the conclusion of the evidence motion was made by the plaintiff for the court to direct the jury to return a verdict in his favor, and a like motion was made by the defendant for a verdict in his favor.

The plaintiff, Powder, is seeking to recover the amount he ac-

The case is a very interesting one from several points of view. tually paid to the owner of the property, the original lessor, in order to secure peaceable possession of the premises in controversy, and he seeks to recover the expense he was put to in the case brought by the owner of the property to oust him from his possession.

The plaintiff in his petition sets forth two causes of action; one in contract, and the other in tort. · And it is claimed now that although the plaintiff might not be entitled to have this case go to the jury to determine the question made in the pleadings on the first cause of action, where the contract simply is involved, that it should be allowed to go to the jury on the question of tort; in other words, that the question should be submitted to the jury as to whether or not, under the evidence in this case and the law, the plaintiff is entitled to recover damages against the defendant, by reason of the defendant's deceiving him with reference to his title to this property at the time he entered into his contract with Neiss and Tschirret, in view of his having known the intention and purposes of the parties at the time.

I am disposed to think, however, from the evidence as I recollect it—and I have paid pretty close attention to it—that there has been a complete failure here to show that the defendant was guilty of misrepresentation or fraud or willful deceit that would furnish a basis of recovery on the second cause of action. There is nothing here that shows, or tends to show, it seems to me, that the plaintiff in this case was misled as to his rights or that he did not thoroughly understand the nature of the defendant's connection with this title, and his rights under his contract with Mrs. Herb; or that there was any act of the defendant that should have deceived him, or any representation

made by defendant that was misleading. There was no intention on defendant's part to deceive him in any way. There is nothing in the case supporting the cause of action based upon tort.

The only question, therefore, is whether, as the case now stands on this record, the defendant is entitled to a verdict. Now, the first and most interesting question is as to the character of this transaction entered into between Tschirret and Powder, by which Tschirret in the ordinary form of a land lease, as drawn in this state, conveys to Powder the property in question for a specific length of time (which in fact covers the exact time that Tschirret was entitled to hold the property under his lease with Neiss), in consideration of Powder's agreement with Tschirret to pay a stipulated rent and to comply with its terms in all respects, and, on his failure to so comply with the terms of the lease, to surrender whatever interest he had therein to Tschirret, and in addition to that to surrender to Tschirret, the property so conveyed, at the expiration of the term so fixed in the lease between these two parties.

The question is whether that was an assignment or a subletting. The plaintiff's position is that, as the lease on its face transfers the possession of this property to the plaintiff for the identical time that the lease from Neiss to Tschirret then had to run, and at the same rental, although it contained clauses of defeasance and a further agreement on the part of Powder to put Tschirret in possession of the property, as if he were the owner of it, at the expiration of the lease—still it was an assignment and not a sub-letting of Tschirret's interest in the property. There seem to be authorities on both sides of that proposition; at least, there are cases that take the view of counsel on either side of this case. There does not seem, however, to be a distinct holding either way by any court of this state, whose decisions or opinions we are required to follow.

I will say that, personally, I am impressed with the logic of the holdings of Massachusetts, Iowa and the other states, in the cases that have been cited by counsel for defendant, on this proposition: *Dunlap* v. *Bullard*, 131 Mass., 161; *Collamer* v. *Kelley et al*, 12 Iowa, 320; *Hicks* v. *Martin*, 25 Mo. App. Rep.,

366; *Martin et al* v. *O'Conner*, 43 Barb., 514; *People* v. *Elston et al*, 39 Barb., 1; *Koppel* v. *Tilyan*, 70 N. Y. Suppl., 910; 2 Blackstone's Com., p. 143; *Post* v. *Kearney*, 2 Comst. (N. Y.), 394.

Now Tschirret, who was confessedly a tenant of Neiss and who agreed in his lease that he would not sub-let or assign the premises without the consent of Neiss, although there was no forfeiture clause in the lease provided he violated that part of the contract, has made a straight lease of this property, containing all of the defeasance clauses that are in common use; there is no reference to the original lease which Neiss had of these premises; no reference to who owned the property or who owned an interest in it; and Powder binds himself at the expiration of the term named in the lease—or at any time during the period between the making of the lease and taking possession under it, and the time limited in the lease, provided he fails in any regard to comply with the terms of that instrument —to quit and deliver up the said premises to said Tschirret, as if Tschirret was the absolute owner of the same. It would seem that a written contract containing such provisions does not put Powder in the shoes of Tschirret, so far as Tschirret's landlord is concerned, and I am unable to see how it can fairly be urged that such an outcome of that contract could have been within the contemplation of the parties. The rent is paid to Tschirret; he is the landlord; that seems to have been in the minds of the parties; there is no privity of estate or interest between Powder and Neiss; and naturally I am unable to see how it can be claimed that it was the intention of the parties as is claimed, that Powder should stand with reference to that original contract between Neiss and Tschirret, as the assignee of Tschirret.

The only thing that can be urged, and in fact is urged, in support of the position taken by the plaintiff in that regard, is the fact that the time limit named in the two leases is identical. But the authorities cited seem to me to clearly show that the word "term" does not merely signify the time specified in the lease, but the estate also; and it is an elementary principle in interpreting all contracts that, if the intention of the parties

is clear from the instrument itself, the intention should govern. How then can it be contended in this case that such was the purpose of drawing up that formal instrument, specifically setting forth the intention of these parties, their agreement with reference to this property, not only as to the amount of rent to be paid, and to whom it should be paid; not only as to the time that the contract should run, but that at the end of that time the property should be re-delivered *to Tschirret*; that it should be re-delivered to him if the rents were not paid to him; or if statutes of the state of the rules prescribed by the board of health are not complied with; or if liquors are sold in the premises contrary to the law governing the same, etc. And if Tschirret may enter under a forfeiture of the lease, has he not something there, some interest? Did not this agreement contemplate some such interest in Tschirret? The *term* of this lease did not mean merely the *time* that it had to run, but it had some reference also to the *estate* that was conveyed.

Although I appreciate the fact that a good deal can be said, and has been fairly said, on the other side of this proposition, and great industry has been displayed by counsel in the way of fortifying the position taken, it does seem to me that this lease should be held to be a sub-letting of the property in question rather than an absolute assignment of any interest which Tschirret had in the property. And this decision practically disposes of the case, so that it is not necessary that I discuss, at any length, some of the other questions that arise in the record.

For instance, the question as to whether the defendant here, Neiss, was in fact ever in the justice court, by reason of a summons having been served on him in the forcible detention case. The transcript of the record is produced here, and that is all the evidence we have with respect to the service of a summons on Neiss, who confessedly can not be held in an action of this kind unless he was notified of the suit in the justice court and had an opportunity to appear there and defend as against the title of Mrs. Herb, who brought the action to recover possession, making Neiss, Tschirret and Powder parties defendant.

That record shows that the return of the constable on the summons was, that he served certain parties, by leaving at their

usual place of residence a true copy of the summons; and that he served "in person" this defendant. Of course, that does not mean anything as a return. He may have told the defendant, or may have thought that he told the defendant that there was a lawsuit pending down there; or he may have read the summons to him; he may have given the copy of the summons without any certificate of the fact that it was a copy; or he may have served him properly by delivering to him a true and certified copy of the summons with endorsements thereon. The record is clearly insufficient to show that the court below had jurisdiction over this defendant in that case, or that he had actual knowledge, or that any representative of his had actual knowledge, of the pendency of that suit. While Mr. Epstein took the stand and said he and Mr. Willard both appeared there before the justice and got a continuance of this case, Mr. Epstein does not testify, and it does not appear that he can testify, that Mr. Willard was authorized to go there for that purpose by Mr. Neiss, or that he in fact represented Mr. Neiss in justice court.

That is the condition of the record in this case, and whatever can be said with reference to the question as to whether the lease of Tschirret to Powder was an assignment or a sub-letting of these premises, in my opinion, on the record here, the plaintiff would not be entitled to recover, because it does not affirmatively appear that the defendant, Neiss, had actual notice of the pendency of that suit before the judgment of ouster was entered in the justice court. In my judgment, therefore, there should be a verdict in this case for the defendant. (The court to the jury):

"Gentlemen of the jury: We have spent some time in a discussion of the law that arises in this case on the motion of defendant that you be directed to return a verdict for the defendant. And I will say that as the result of this discussion and the consideration given the case, I have arrived at the conclusion that the plaintiff has failed in this action to show that he has a cause of action against the defendant; and the motion of defendant's counsel is granted, and you are directed to return a verdict for defendant in this case."