INDIAN REFINING COMPANY V. MARY G. ROBERTS.

[No. 14,347. Filed May 20, 1932. Rehearing denied December 16, 1932. Transfer denied November 24, 1933.]

*McFaddin & McFaddin* and *Cooper, Royse, Gambill & Crawford,* for appellant.

*Hunter J. Von Leer* and *J. M. Jones,* for appellee.

NEAL, J.—Mary G. Roberts (appellee herein) brought this action against the Indian Refining Company (appellant herein) to recover rent and for an injunction to prevent appellant from removing certain gasoline tanks, etc., from certain described real estate owned by appellee. From a judgment in favor of appellee, appellant appeals and assigns as its only error the overruling of its motion for a new trial.

The parties entered into a stipulation, the substance of which is as follows: On March 12, 1929, appellee was and still is the owner of certain described real estate and on said date, by an instrument in writing, leased said premises to her husband, Donn M. Roberts, for "the term of three years, commencing November 1, 1929," at a rental of $4,800 to be paid on the 1st day of each month commencing at a rate of $125 for the first month and increasing the monthly payment at the rate of $5 each year, until the monthly sum of $135. was reached and then at that rate for the balance of the term. The lease further provided that the premises were to be used as an oil and gasoline filling station; that the "lessee and/or his assigns will pay all taxes, that may become due during the terms of this lease on improvements, if any, on said premises." This lease also provided for attorney fees. On September 24, 1929, Donn M. Roberts as lessee, in writing leased to appellant the premises owned by appellee along with certain adjoining real estate owned by himself, for a "period of three years from November 1, 1929" at a rental fee

of $960 per annum payable in advance in equal monthly installments beginning November 1, 1929. The lease provided that "lessor (Donn M. Roberts) shall pay all taxes, assessments, licenses, fees and expenses (including heat, light, and water) incident to the ownership and possession of the said premises, and the operation thereof as a gasoline filling station . . . Lessor shall keep the said premises in good repair at all times and shall replace, at his own expense, any equipment that becomes worn out, broken, damaged, or destroyed by ordinary use and through no fault of Lessee. Lessee, . . . at the expiration of this lease, shall return the said premises and Lessor's equipment to Lessor in as good a condition as at the date hereof, ordinary wear and tear excepted. Lessee may terminate this agreement at anytime by giving Lessor ten (10) days' notice of its intention so to do. Lessee may place additional filling station equipment on the said premises, and, for thirty (30) days after the termination of this lease, may enter upon and remove from the said premises any of its own equipment placed thereon."

It was further stipulated that on November 15, 1929, appellant and Donn M. Roberts entered into a written contract designated as a "gasoline equipment agreement" whereby Donn M. Roberts became the dealer of appellant's products and appellant agreed to furnish certain equipment such as gasoline tanks, gasoline pumps, etc. On September 24, 1929, appellant and Donn M. Roberts entered into a written agreement designated an "agency agreement" by the terms of which said Roberts was appointed appellant's agent to operate a filling station located on said premises so leased by appellant from said Roberts.

The parties further stipulated that appellant, on January 4, 1930, served on Donn M. Roberts a written notice of cancellation of said lease entered into by and

between appellant and said Roberts; that said Roberts ran and operated said filling station in pursuance to the written lease until January 15, 1930; that appellant continued to sell gasoline to said Roberts at the regular discount prices until February 4, 1930; that said Roberts used none other than Indian Refining Company's products at such filling station during the period from January 15, 1930, to February 4, 1930; that during the period from November 1, 1929, to February 4, 1930, Donn M. Roberts paid appellee only $80 rental, which was the only rent received by her during said period.

It was further stipulated that the Indian Refining Company has removed all the equipment from the real estate in question that it intends to remove and that is practical to remove; that to remove any more of its equipment would substantially injure the free hold. It was also stipulated that should the court find in appellee's favor $150 should be allowed appellee for attorney fee.

The court found that the lease agreement between Donn M. Roberts and appellant transferred "the entire term of a lease between the plaintiff . . . (appellee herein) as lessor and the said Donn M. Roberts as lessee and that the said Donn M. Roberts, did not retain any reversionary interest in himself and that the taking of all of Donn M. Roberts interest and entire term by the defendant (appellant herein) created privity of estate between the defendant and the plaintiff and made the defendant an assignee of the term and liable to Mary G. Roberts for the rent specified in her lease so long as the defendant occupied and used her real estate" and that the removal of certain tanks belonging to appellant would greatly and permanently damage appellee's real estate and she could not be compensated therefor in damages and that she is entitled to a perpetual injunction preventing their removal by appellant;

that appellee is entitled to $420 rent money and $150 attorney fee.

The court rendered judgment for $420 together with $150 attorney fee and a permanent injunction forever enjoining appellant from removing their tanks from appellee's real estate.

Appellant and appellee agree that the principal question presented herein is whether the instrument under which appellant occupied the premises in question was merely a sub-lease or whether or not it has the effect in law of an assignment of the lease executed by appellee to Donn M. Roberts. If it be treated merely as a sublease, appellant would not be liable to appellee and the judgment should be reversed but if it has the effect in law of being an assignment, appellant would be liable to appellee and the judgment must be affirmed.

It is appellant's contention that where a lease reserves a right of re-entry upon conditions broken that there is such a contingent reversionary interest reserved in the grantor so as to prevent the instrument from being an assignment and cites authorities to sustain this view. Appellant also contends that the agreement in the instrument between appellant and Donn M. Roberts whereby appellant could terminate the lease by giving its lessor a ten day notice left within Donn M. Roberts at least such a contingent reversionary interest as to create a new estate and prevent the instrument from being an assignment. Appellee takes the contrary view and says that the instrument in question did not contain any provision whereby Donn M. Roberts retained a right of re-entry upon conditions broken by appellant.

Section 7, Acts 1881, p. 563, being §9545, Burns 1926 (§10177, Baldwin's 1934), *inter alia,* provides that ". . . where, by the express terms of the contract, the rent is to be paid in advance, and the tenant

has entered and refuses or neglects to pay rent; and, in any case, where the relation of landlord and tenant does not exist, no notice to quit shall be necessary." Donn M. Roberts, by the terms of this statute, is given the right of re-entry upon appellant's failure to pay the rent in advance each month as stipulated in the contract. The principal question before us, therefore, is, did appellant occupy the premises in question under and by means of an assignment of the original lease from appellee to Donn M. Roberts or was it merely a subletting?

The general principle as held by all the authorities is that where the lessee transfers his whole estate, without reserving to himself a reversion therein, a privity of estate is at once created between his transferee and the original lessor and the instrument is in law an assignment and the latter then has a right of action directly against the transferee on covenants running with the land, one of which is that to pay rent; but, if the lessee transfers the premises reserving or retaining any reversionary interest, however small, the privity of estate between the transferee and the original landlord is not established and the transferee occupies then as a sub-tenant. In such a case the original landlord has no right of action against the transferee of the lessee, there being neither privity of contract nor privity of estate between them. *Sexton* v. *Chicago Storage Co.* (1889), 129 Ill. 318, 21 N. E. 920; 2 Thompson on Real Property, p. 491, §1372. The conflict of authorities arises in deciding whether or not the lessee, in making a transfer, parts with his entire interest in the term.

The authorities are not in accord with respect to the effect of the reservation of a power of re-entry as the retention of a reversionary interest sufficient to render the transaction of a sub-lease rather than an assignment.

One line of authorities is to the effect that if the instrument contains a power of re-entry for breach of the covenants and conditions therein, though it is for the full unexpired period of the original lease, it is a sublease and not an assignment. This view is based upon the idea that the reservation in the instrument of the right of re-entry is a contingent reversionary interest in the premises resulting from the conveyance of an estate upon a condition subsequent, where there has been a breach of such condition. According to another view, a mere reservation of a new rent or of a right of re-entry for a breach of any of the conditions of the lease will not change the legal relations of the parties, and the introduction of covenants into the instrument does not change the effect of giving up the reversion; and the right of re-entry is not an estate or interest in land and does not imply a reservation of a reversion, but is a mere chose in action.

Appellant cites and relies very strongly upon the case of *Dunlap et al.* v. *Bullard* (1880), 131 Mass. 161, 163. In this case, the lessee of an estate for a term of years, at a fixed rent payable quarterly, and who had covenanted to pay taxes, demised it to another for a term equal to the whole of the unexpired term of the original lease, by a lease containing covenants by the lessee to pay taxes and to pay rent monthly at an increased rate, and providing that the lessor might enter and take possession for breach of covenant. The court held that the power of re-entry for conditions broken created a new estate and that this was a sub-lease and not assignment. The court said: "The sub-lessee under such an instrument takes an inferior and different estate from that which he would acquire by an assignment of the remainder of the original term, that is to say, an interest which may be terminated by forfeiture on new

and independent grounds long before the expiration of the original term."

In the case of *Wilson* v. *Cornbrooks* (1927), 5 N. J. Misc. Rep. 614, 137 Atl. 819, also relied on by appellant, the court, in speaking of the question presented in the instant case, said: "The question has been variously decided in other jurisdictions. Indeed, there is such conflict of authority that reconciliation is utterly impossible. . . . The better view, it seems to me, is that, where the tenant reserves the right of re-entry upon the failure of his transferee to pay rent or upon violation of covenants, he does not part with his entire term or estate and that the retention of such contingent reversionary interest creates a sub-tenancy."

*Saling* v. *Flesch et al.* (1929), 85 Mont. 106, 277 Pac. 612, cited by appellant, is a case wherein the original lessee did "bargain, sell, transfer, assign and convey" to one O'Neil all his rights in certain land. O'Neil then defaulted in payment. Original lease provided that the default would terminate all rights in said land. O'Neil then transferred his interest to original lessor, the owner. This action was by the original lessee against owner to set aside transfer from O'Neil to original lessor. The court said: "Courts are divided on the question whether, when the original lease retains the right to re-enter before the expiration of the term on the breach of conditions, the instrument is an assignment or a sub-lease. . . . We agree with the conclusion stated by the court in *Wilson* v. *Cornbrooks, supra,* wherein it is said: 'The better view,' " etc., as quoted, supra.

*Backus* v. *Duffy* (1930), 103 Cal. App. 775, 284 Pac. 954 (Dist. C. Cal.), cited by appellant is a case wherein plaintiff (appellee) sued for rent. Appellee, the original lessee, leased to defendant certain store buildings at a lesser rent per month for the same term than he had

leased the store, and subject to all the provisions of the original lease, which contained a provision for re-entry in case of default in rent, but retained as lessor the "privilege of installing certain sidelines, such as ready-made dresses, furs, lingerie, etc., which the lessee agreed to sell upon a division of the profits." The court held that this was not a transfer of the entire term for here the lessee retained an interest in the original lease. The court states that "If by the terms of the conveyance, be it in the form of a lease or an assignment, new conditions with a right of re-entry, or new causes of forfeiture are created, then the tenant holds by different tenure, and a new leasehold interest arises, which cannot be treated as an assignment or a continuation to him of the original term. . . . Where the lease contains such a covenant (right of re-entry) there is a conflict of authorities as to the effect."

*Davis* v. *Vidal* (1912), 105 Texas 444, 151 S. W. 290, 42 L. R. A. (NS) 1084, is a case wherein the original lessor sued the lessee of the lessee for rent. The effect of a right of re-entry for conditions broken was the paramount question in the case. The court, after stating that there is quite a conflict of authority upon the subject regarding sub-letting with a right of re-entry, says: "We are not able to discern why there may not be a contingent reversionary estate or interest in land, as well as any other contingent estate or interest. It certainly cannot be contended upon sound principle that because the right of re-entry and resumption of possession of land is contingent that it is thereby any the less an estate or interest in land. The very definition of a contingent estate as distinguished from a *vested* estate is that *'the right to its enjoyment is to accrue on event which is dubious and uncertain.'* . . . That the right of re-entry is an estate or interest in land seems to have been recognized by Platte in his work on

Leases, vol. 2, p. 218: . . . 'a right of re-entry, whether immediate or future, and whether vested or *contingent,* into or upon any tenement or hereditament in England, or any tenure, may now be disposed of by deed.' We think it deducible from respectable authority that where the tenant reserves in the instrument giving possession to his transferree the right of re-entry to the premises demised, upon failure to pay rent, he necessarily retains a part of or an interest in the demised estate which may come back to him upon the happening of a contingency."

The case of *United States* v. *Patrick J. Hickey* (1873), 17 Wall. 9-14, 21 L. Ed. 559, is cited by many cases to the effect that a change of the terms of a lease from a lessee precludes the same from being an assignment. A statement of the facts of the case is unnecessary as they are involved, but it does not seem that a right of re-entry was anywhere reserved. The court says: "It is said that the transaction with Hickey was an assignment to him by the United States, and not an under-letting. It was not an assignment, as the terms between the United States and Hickey were different from those between Eldridge and the United States. The United States agreed to pay $6,000 per month, and had a privilege of an appraisement at their option. Hickey agreed to pay $500 per month only for the first month thereafter by the United States, and no rent after May 1st."

The case of *Post* v. *Kearney* (1849), 2 N. Y. 394, holds that ". . . if there be a right reserved to the lessor to re-enter on breach of conditions, this makes a sub-lease." This case is cited and quoted from with approval in *Collins* v. *Hasbrouck* (1874), 56 N. Y. 157, but is criticized and distinguished in the case of *Stewart* v. *Long Island R. Co.* (1886), 102 N. Y. 601, 8 N. E. 200, 204, wherein the court used the following language:

"In *Post* v. *Kearney,* 2 N. Y. 394, the covenant of the sub-lessee was that 'on the last day of his term he would surrender the possession of the demised premises to his lessor.' Page 395. Some fragment of that last day was therefore reserved to the original lessee, for he was entitled to the surrender during some portion of the last day. This was held sufficient to establish a technical reversion in the original lessee, and thus prevent a privity of estate from arising between his lessee and the original landlord." See also *Davis* v. *First National Bank of El Paso* (1924), (Tex. Civ. App.), 258 S. W. 241, 242; *City of Waterville* v. *Kelleher* (1928), (Me.), 141 Atl. 70; *McNeil* v. *Kendall et al.* (1880), 128 Mass. 245; *Brattle Square Church* v. *Grant* (1885), 3 Gray 142, 147; *Austin* v. *Cambridgeport Parish* (1838), 21 Pick. 215, 223.

*Collins* v. *Hasbrouck supra,* cited by appellant, is an action in ejectment brought by the landlord against an under and sub-tenant. Plaintiff leased certain real estate and by subsequent conveyances defendant occupied the same under and through a lease. Appellee, in the case before us, says the lease was not for the entire term but the case holds that the lease covers the whole unexpired term demised, but says "it is a sub-lease and not an assignment. It is in the form of a lease; it reserves to the Bronners rent at a new rate and at a new time of payment; it stipulates for a right of re-entry on non-payment of rent, and on the breach of certain conditions contained in it; it provides for a surrender of the premises to them on the expiration of the term. Thus the Bronners did not part with their whole interest in the premises and in the lease thereof to them." This case was criticized in the case of *Stewart* v. *Long R. Co. supra,* wherein the court said: "In the opinion, the question is discussed whether

the sub-lease amounted to an assignment of the term of the original lease, or a mere subletting or reletting of part of the demised premises. This question, in view of the result reached on the question of waiver, ceased to be controlling, but in discussing it the learned judge delivering the opinion made some remarks touching the effect of reserving, etc., . . . But the question of privity of estate between the original lessor and the lessee of his lessee was not in this case. The determination of that question depends upon whether the whole of the term of the original lessee became vested in his lessee, and the circumstances that the second lease reserves a different rent, or a right of re-entry for breach of condition are immaterial." *Collins* v. *Hasbrouck, supra,* is further criticized in the case of *Sexton* v. *Chicago Storage Co. et al., supra,* wherein the following language is used: "There is general language in *Collins* v. *Hasbrouck* quite as board as claimed. But no question therein presented called for its use, and its meaning ought to be limited by the facts to which it was applied."

The holding of the New York cases cited *supra,* do not seem to be followed in the later cases decided in that state as shown by the case of *Gillette Bros., Inc.* v. *Aristocrat Restaurant, Inc.* (1924), 239 N. Y. 87, 145 N. E. 748. In that case the plaintiff executed a lease to the defendant reserving the right of re-entry upon failure to pay rent on condition broken. The court said: "The possible right of re-entry for breach of any conditions was not the retention of such a reversionary interest as is intended when distinctions are drawn between assignments and sub-leases," and cites *Stewart* v. *L. I. R. Co. supra; Craig* v. *Summers* (1891), 47 Minn. 189; *Sexton* v. *Chicago Storage Co., supra.*

*Sexton* v. *Chicago Storage Co. et al., supra,* cited by

appellee, is likewise cited by most of the text writers and later cases. In this case, the original lessor brought action against the defendant. The lessee leased the premises to the defendant (appellee) for the same length of time he had leased it from the landlord and reserved a right of forfeiture and re-entry for non-payment of rent or other breach of its conditions. The question of a reversionary interest being created by the right to re-enter was discussed and squarely before the court. The court, after stating the general principle, said: "The chief difficulty has been in determining what constitutes such reservation of a reversion. The more recent English decisions, and all of the textbooks treating of the question which have been accessible to us, hold that, where all of the lessee's estate is transferred, the instrument will operate as an assignment notwithstanding that words of demise instead of assignment are used, and notwithstanding the reservation of a rent to the grantor, and a right of re-entry on the non-payment of rent or the non-performance of the other covenants contained in it." Many cases are cited. It is mentioned that appellees contended for a contrary view and cite *Collins* v. *Hasbrouck, supra; Ganson* v. *Tifft* (1877), 71 N. Y. 48; *McNeil* v. *Kendall, supra; Dunlap* v. *Bullard, supra,* as sustaining their contention. The following is said: "In *Dunlap* v. *Bullard, supra,* however, the facts are analogous in principle to those here involved, and it was held that the demise of the entire term of the lessee was a sublease, and not an assignment, because of the right reserved in the lease for the lessor to re-enter and resume possession for a breach of the covenants. But this is held upon the ground, that, under the decisions of that court, the right to re-enter and forfeit the lease is a contingent reversionary estate in the property, the court having previously held, . . . that where an

estate is conveyed, to be held by the grantee upon a condition subsequent, there is left in the grantor a contingent reversionary interest, which is an estate capable of devise. . . . *the decisions are plainly contrary to the principles of the common law.* (Our italics). The right to enter for breach of condition subsequent could not be alienated, as it could have been had it been an estate, and Coke says: 'The reason hereof is for avoiding of maintenance, suppression of right and stirring up of suits, and therefore nothing in action, entry or re-entry can be granted over.' . . . *The right to enter for breach of covenant is still but a remedy for enforcing performance of a contract, which may be defeated by tender.* . . . It follows that, in our opinion, the rule assumed to be followed in *Collins* v. *Hasbrouck, Ganson* v. *Tifft,* and *Dunlap* v. *Bullard, supra,* is not in conformity with the common law, and that it cannot therefore, be applied here." (Our italics).

*Craig et al.* v. *Summers* (1891), 47 Minn. 189, 49 N. W. 742, 15 L. R. A. 236, is nearly in point with the case before us. In that case the owner leased his premises and the lessee re-let the premises for the same length of time but for a lesser rental fee, lessee then assigned premises to the defendant. By subsequent conveyances, plaintiff became the owner of the fee and brought suit against defendant for taxes, etc., which lessees had agreed to pay. In each of the leases there was a right of re-entry for breach of covenant, etc. The court said: "Upon a careful consideration of the question, we are satisfied that the second lease amounted to a grant or assignment of the whole term, as respects the premises covered by that lease, leaving no reversionary interest whatever in Ryan and McRae, the original lessees. The language, as we have seen, being the same in each lease, the terms expire at the same instant of time. . . . So the right of re-entry is not an estate or interest in land,

nor does it imply a reservation of a reversion. It is a mere chose in action. When enforced, the grantor is in through the breach of the condition, and not by the reverter." See, also, authorities cited therein.

*Stewart* v. *Long Island R. Co., supra,* is a case wherein the landlord leased certain land and the lessee re-let with certain provisions that caused this discussion. The court stated the question in the following language: "The question now before us is, whether it (the subsequent lease) operated, as between the original lessor, Stewart, or his devisee, and the defendant, as an assignment of that entire term, and thus established a privity of estate between them which rendered the defendant liable to the original lessor, or whether it was, as between those parties, a mere sublease, under which the defendant was liable only to its immediate lessor. . . . The question has frequently, and probably most generally, arisen between the lessee and his transferee, and much confusion will be avoided by observing the distinction between those cases, and cases where the question has been between the transferee and the original landlord. In the latter class of cases the rule is well settled that if the lessee parts with his whole term or interest as lessee, or makes a lease for a period exceeding his whole term, it will, as to the landlord, amount to an assignment of the lease, and the essence of the instrument as an assignment, so far as the original lessor is concerned, will not be destroyed by its reserving a new rent to the assignor with a power of re-entry for non-payment, nor by its assuming, by the use of the word *demise* or otherwise, the character of a sublease; . . ."

*Smiley* v. *VanWinkle* (1856), 6 Cal. 605, was a case wherein the original lessor brought suit against the executors of the subsequent lessee for rent, etc. The court, in speaking of the liability of a subsequent lessee,

said: "The conveyance by Smiley et al. (the original lessor), although it employs words ordinarily used in a demise, and contains a reservation of rent and the right of re-entry upon covenants broken, is not an underletting or sublease, but is considered in law as an assignment of their whole interest, as there remains in them no reversion of the estate; for it is one of the essentials of a lease, that it should contain a reversion in favor of the party from whom the grant or assurance proceeds."

The case of *Davidson* v. *Minnesota Loan & Trust Co.* (1924), 158 Minn. 411, 197 N. W. 833, 32 A. L. R. 1418, is a case wherein the facts are quite complicated, but a complete reading of the case discloses that the court there holds that a lease by a lessee with right of re-entry upon conditions broken does not prevent the instrument from being an assignment insofar as the matter involves the original lessor and the subsequent lessee. The case is very exhaustive and gives a brief digest of many cases on this point.

In the case of *St. Joseph & St. Louis Railroad Company* v. *St. Louis, Iron Mountain & Southern Railway Company* (1896), 135 Mo. 173, 36 S. W. 602, 33 L. R. A. 607, the lessee of appellant re-let to appellee certain railroad. Appellant, the original lessor, brought suit against the subsequent lessee for rent. The court says: "As stated by Washburn, the more recent English cases and text-books concur in holding that, where all of the lessee's estate is transferred the instrument will operate as an assignment, notwithstanding that words of demise, instead of assignment are used, and notwithstanding the reservation of a rent to the mesne lessor or original lessee, and a right of re-entry by him for the nonpayment of rent, or the nonperformance of the other covenants contained in it. . . . The right of entry for condition broken is not an estate in lands, or even a possibility of reverter. It is a mere chose in action."

The court, in the case of *Ohio Iron Co.* v. *Auburn Iron Co.* (1896), 64 Minn. 404, 67 N. W. 221, said, "the right to re-enter cannot exist as an independent condition. It only exists as an incident to an estate or interest for the protection of which it is reserved."

The case of *Doe on the Demise of Freeman* v. *Bateman* (1818), 2 Barn. & Ald. Rep. 168 (J. H. E. & T. Terms 59 Geo. III), was a case in which A, being possessed of a term of years, demised his whole interest to B, subject to a right of re-entry on the breach of a condition. The court held that A might enter for the condition broken, although he had no reversionary interest. See, also, *F. W. Wollaston et al.* v. *Anne Hakewill* (1841), 3 Scotts New Reports 593; *Beardman* v. *Wilson* (1868), 4 Court of Common Pleas Law Reports 57; *Lloyd* v. *Cozens* (1830), 2 Ashm. (Pa.) 131; *Taylor* v. *Marshall* (1912), 255 Ill. 545, 99 N. E. 638.

It appears to this court that the better view is that when the lessee parts with his whole interest as lessee it will, as to the landlord, amount to an assignment of the lease, and the effect of the instrument, as an assignment, so far, at least as the original lessor is concerned, will not be destroyed by its reserving a new rent to the assignor, with a power of re-entry for nonpayment of the rent. The right of re-entry is not an estate or interest in land; it does not imply a reservation of a reversion; it is a mere chose in action and when enforced, the grantor is in through the breach of condition and not by the reverter; it exists only as an incident to an estate or interest for the protection for which it is reserved. We hold that the right of re-entry on the part of Donn M. Roberts for the nonpayment of rent on the part of appellant was not such a retention of a reversionary interest as to prevent the instrument in question from being an assignment.

But appellant further contends that the provision in the instrument giving it the right to terminate the lease by giving Donn M. Roberts "ten (10) days' notice of its intention so to do," created an estate at will notwithstanding the fact that the term of the lease was for a period of three years; and that in the execution of the lease containing the provision permitting appellant to terminate the lease, Donn M. Roberts did not part with his interest in the entire term but kept in himself such a reversionary interest as to prevent the transaction from being an assignment. Appellant invokes the familiar rule of law that when a lease is made at the will of one party it is also at the will of both parties and either party can terminate it at will, and cites *Knight* v. *The Indiana, etc., Co. et al.* (1874), 47 Ind. 105, in support of its contention. This rule has been applied by the courts of this state without any qualification whatever, but we have been cited to no case, nor have we found any case in this state wherein this rule has been applied to a lease granting a definite and specific term, wherein the lessee was given the right to terminate the lease at any time. The cases examined by us have each been cases wherein the duration of time was not specified. See *Knight* v. *Indiana Coal & Iron Co., supra; Logansport Gas Co.* v. *Null* (1905), 36 Ind. App. 503, 76 N. E. 125; *Federal Oil Co.* v. *Western Oil Co.* (1902), 112 Fed. 373; *Federal Oil Co.* v. *Western Oil Co.* (1902), 121 Fed. 674, 57 C. C. A. 428.

"An estate at will is where lands and tenements are let by one man to another, to have and to hold at the will of the lessor." II Blackstone, 145. This has also been extended by the courts to include estates at the will of the lessee. *Doe* v. *Richards* (1853), 4 Ind. 374. But as was said in *Brown et al.* v. *Fowler et al.* (1901), 65 Ohio St. Rep. 507, a case quite similar to the instant case, except a term of two years instead of three years

was granted, the court said: "This lease does not create a tenancy at will. . . . The land under this lease was not let to have and to hold at the will of the lessor, but on the contrary, to have and to hold for the term of two years. The term of two years is definite and certain, and cannot be disregarded in the construction of the lease, and *this surrender clause cannot have the force to destroy the two years' term and make it a tenancy at will*. The term of two years certain and this surrender clause . . . is an option, intended to enable the lessee to terminate the lease before the end of the term. . . . The error of construing a condition subsequent, or an option, as creating the term of the lease, when that has been created by the granting and *habendum* clauses, has caused many decisions to be rendered whose soundness may well be doubted." (Our italics.)

One of the leading authors writing on this subject states: "That a lease in terms creating an estate for years contains such an option (to terminate tenancy at any time) in the lessee does not render the latter a tenant at will merely." I Tiffany on Landlord and Tenant, §13, p. 102. The same author on page 68, §d, says: "The tenant's estate for years, like a life estate, may be subject to a 'special limitation,' or, as it is sometimes called, 'conditional limitation,' by which such estate may come to an end before the regular end of the term."

A complete discussion of this subject may be found in the case of *Lindlay* v. *Raydure* (1917), 239 Fed. 928, wherein a number of important cases (including Indiana Cases) are cited, discussed and distinguished. The court, in speaking on a surrender clause and the creation of a tenancy at will, said: "But such was not the nature of the holding of the lessee thereunder. He was not a tenant at will. He had no right to hold thereunder, as long as he willed. In no contingency could he hold for the purpose of exploration longer than ten

years. . . . The surrender clause merely provided another contingency for terminating the holding short of such period. So far, then, the estates granted were not estates at will, but estates on limitation. That for the purpose of exploration was an estate for years on limitation."

The Supreme Court of Oklahoma, in the case of *Rich* v. *Donaghey* (1918), (Okla.), 177 Pac. 86, 3 A. L. R. 352, in speaking of an estate for years, said: ". . . the fact that it may be sooner terminated, at the option of the lessee, does not convert the grant from one in the nature of a tenancy for years into one in the nature of a tenancy at will." See note and annotation in 3 A. L. R. 378.

In the case of *Guffey* v. *Smith* (1914), 237 U. S. 101 59 L. ed. 856, the Supreme Court of the United States, in following the Illinois Supreme Court (cases therein cited) said: ". . . that the clause giving the lessee an option to surrender the lease at any time is valid, does not create a tenancy at will or give the lessor an option to compel a surrender, and does not make the lease void as wanting in mutuality."

The instrument under consideration granted the appellant a term of three years, thereby creating an estate or tenancy for a term of years. The option given appellant to terminate with a ten-day notice, can not, under any circumstances have the effect of creating a tenancy at will, neither was it, under the authorities, *supra*, wanting in mutuality. The estate created was an estate or tenancy for years with the possibility of being terminated at an earlier date than the time stated in the lease. It was a *tenancy for years with a special limitation*.

It is to be noted that Donn M. Roberts held the premises in question for a "term of three years, commencing

November 1, 1929," without any limitation or possibility of termination on his part whatever; that appellant took the premises from Donn M. Roberts for a term of "three years from November 1st, 1929," retaining in itself the right to terminate by giving a specified notice. In other words, Donn M. Roberts held the premises for a term of years unlimited; appellant held the premises for a term of years with a "special limitation." Appellants might have occupied the premises for ten days, six months or for the full three years. Under such circumstances it cannot be said that appellant received all the interest in the term held by Donn M. Roberts, but it must be conceded that Donn M. Roberts retained some interest in the premises to himself. Under the authorities, *supra,* if the lessee, Donn M. Roberts, retained some interest, no matter how small, the transaction is thereby prevented from being an assignment but is a sub-lease as between the original lessor, appellee herein, and the subsequent lessee, appellant herein. Donn M. Roberts not having parted with his entire interest in the term, but having retained an interest in such term, we hold the instrument in question to be a sub-lease and not an assignment as between appellee and appellant. Appellant, therefore, is in no manner bound by the covenants in the original lease.

Judgment reversed with instructions to sustain appellant's motion for a new trial.