373 P.2d 548

Ray GROTH and Helen Groth, husband and wife, Plaintiffs-Appellants,

v.

CONTINENTAL OIL COMPANY, a corporation, Defendant-Respondent.

No. 9075.

Supreme Court of Idaho.

July 12, 1962.

Sharp & Anderson, Idaho Falls, for appellants.

Albaugh, Bloem, Smith & Pike, Idaho Falls, for respondent.

TAYLOR, Justice.

January 9, 1958, by warranty deed, defendant Continental Oil Company, hereinafter referred to as "Conoco" (respondent) conveyed to Mark B. Wilkie certain real property located in Idaho Falls, Bonneville county, upon which was located an automobile service station. October 1, 1957, Mark B. Wilkie and Margaret E. Wilkie, husband and wife, as lessors, leased the same property to the defendant. October 1, 1957, the defendant, as lessor, leased the same property back to Mark B. Wilkie. It was agreed by stipulation that the deed and the two leases were all parts of the same transac-

**412**

tion. The deed contained the following restriction:

"As part of the consideration hereof, Grantee covenants and agrees to and with Grantor, and this conveyance is made subject to the following restrictions and limitations as to the use of said premises, which shall run with the land hereby conveyed and shall be binding upon Grantee, his heirs and assigns, so long as the said property is leased by Grantee to Grantor.

"No gasoline nor diesel fuel except that marketed by Conoco shall be sold on said premises."

The lease from Wilkie to defendant was for a term of 15 years from October 1, 1957, to October 1, 1972, and provided:

" * * * Lessee shall have the option to renew this lease under the same terms and conditions for additional periods of one year, not exceeding Ten years in the aggregate, provided Lessee exercises said option by giving Lessor written notice of such intent at least 60 days prior to the termination of this lease."

Rental was fixed at $1 per year, plus 1¢ per gallon on gasoline delivered to the station, with the further provision that when the annual gallonage exceeds 100,000 gallons, the lessee should pay 1½¢ per gallon.

The lease-back from defendant to Wilkie was for the term from November 1, 1957, to November 1, 1972, (extending one month beyond the term of defendant's lease) and contained the following provision:

"In the event Conoco exercises its option of renewal under a lease of even date herewith wherein Conoco is lessee of the above described property and Mark B. Wilkie and Margaret E. Wilkie are lessors, Wilkies shall have an option of renewal of this lease for a like period of time, under the same terms and conditions of this lease, provided Wilkies give Conoco written notice of the exercise of this option within 10 days from the receipt of notice by Wilkies of the exercise by Conoco of its option of renewal."

The rental reserved in this lease-back was $1 per year.

April 1, 1960, Wilkie and wife, by warranty deed, conveyed the property to plaintiffs (appellants).

This action was brought by plaintiffs to secure a judgment declaring the restriction to be without force or effect as to them. The trial court entered judgment holding the restriction valid and binding upon plaintiffs and enjoined them from violating it during the term of the lease from Wilkie to defendant. Plaintiffs brought this appeal from the judgment.

A transfer or conveyance by a lessee of his full term, or the remainder thereof, which does not reserve to the lessee a reversionary interest in the leasehold estate, has the legal effect of an assignment of the lease and is not a sublease. Ablett v. Clauson (Cal.App.), 263 P.2d 333; 43 Cal.2d 280, 272 P.2d 753; Morrison v. Nelson, 38 Wash.2d 649, 231 P.2d 335; Bedgisoff v. Morgan, 23 Wash.2d 737, 162 P.2d 238, 163 A.L.R. 513; Shreck v. Coates, 59 Ariz. 269, 126 P.2d 308; McDuffie v. Noonan, 176 Wash. 436, 29 P.2d 684; Gazzam v. Young, 114 Wash. 66, 194 P. 810; Sheridan v. O. E. Doherty, Inc., 106 Wash. 561, 181 P. 16; Holden v. Tidwell, 37 Okl. 553, 133 P. 54, 49 L.R.A.,N.S., 369; American Savings Bank & Trust Co. v. Mafridge, 60 Wash. 180, 110 P. 1015; Weander v. Claussen Brewing Ass'n, 42 Wash. 226, 84 P. 735; New Amsterdam Cas. Co. v. Nat'l Union Fire Ins. Co., 266 N.Y. 254, 194 N.E. 745, 99 A.L.R. 216; Indian Refining Co. v. Roberts, 97 Ind.App. 615, 181 N.E. 283; Gillette Bros., Inc. v. Aristocrat Restaurant, Inc., 239 N.Y. 87, 145 N.E. 748; Clements v. Steinhauer, 15 A.D.2d 72, 221 N.Y.S.2d 793; Liebschutz v. Moore, 70 Ind. 142, 36 Am.Rep. 182; 32 Am.Jur., Landlord and Tenant, §§ 313, 314; 51 C.J.S. Landlord and Tenant § 37; 1 Am.Law of Property, § 3.57.

"As a general proposition, if by the transaction the lessee conveys the entire term and thereby parts with all reversionary interest in the property, the transaction is construed to be an assignment; but if there remains a reversionary interest in the estate conveyed, it is a sublease. * * * And at common law, a leasing by the lessee for the entire term, even at a different rent, reserving the right of re-entry for condition broken, as between landlord and the sublessee, was regarded as an assignment of the term." 32 Am. Jur., Landlord and Tenant, § 314.

"We do not believe that the differences between the provisions of Dumenigo's lease and the provisions of the original lease, which the trial court stressed, were of such a character as to affect the legal nature of the transaction. For example, Dumenigo's lease contained a covenant restricting the use of the premises to a barber shop only, whereas the original lease permitted the premises to be used 'for any legitimate business' with certain enumerated exceptions. There was no provision in the lease for the enforcement of the covenant by a re-entry upon the occurrence of a breach but even if such a right of re-entry had been reserved, it would not have been sufficient to constitute a reversionary interest in Ferrara. Gillette Bros. v. Aristocrat Restaurant, Inc., 239 N.Y. 87, 145 N.E.

748, supra. The trial court also saw significance in the fact that Dumenigo was given the right to renew the lease on sixty days' notice whereas Ferrara had the right to renew on thirty days' notice under the terms of the original lease. The original term had expired on June 30, 1948, several months before the transaction here in question, so that Dumenigo must be deemed to have been in possession under a renewal of the lease. Long v. Stafford, 103 N.Y. 274, 8 N.E. 522. The difference in the length of the required notice of renewal had therefore become academic. In any event, differences of this kind could not transform an assignment of the whole leasehold estate into a sublease." Gilbert v. Van Kleeck, 284 App.Div. 611, 132 N.Y.S.2d 580, at 586.

"With little dissent, the general rule seems well settled that a transfer of a tenant's entire interest in a part of demised premises for the remainder of the term constitutes an assignment pro tanto rather than a sublease, at least as between the landlord and the transferee." 99 A.L.R., Anno., Transfer of Part of Leased Premises, 220.

· ▓ Conoco contends that the option to renew, contained in its lease from Wilkie, had the effect of extending the term for the full 10 years permitted by the terms of the option; thus it held a longer term than that which it granted to Wilkie in the lease-back; that it therefore held a reversionary interest in the lease-hold, and the lease-back could not operate as an assignment.

The provision involved is a conditional option, for renewal, not a covenant to extend the term. As such it is merely an offer, and does not convey to, nor invest in, the optionee a present estate in the land, until it is exercised. Gard v. Thompson, 21 Idaho 485, 123 P. 497; Cicinelli v. Iwasaki, 170 Cal.App.2d 58, 338 P.2d 1005; 51 C.J.S. Landlord and Tenant §§ 54, 56. Cf. Murray v. Odman, 1 Wash.2d 481, 96 P.2d 489.

The option in this case is limited and conditioned by the clause, "provided Lessee exercises said option by giving Lessor written notice of such intent at least 60 days prior to the termination of this lease." No estate or interest in the property could pass until the conditions of the proviso were fully complied with. Gard v. Thompson, supra; Texas Co. v. Peacock, 77 Idaho 408, 293 P.2d 949; Cicinelli v. Iwasaki, supra; 51 C.J.S. Landlord and Tenant § 57. Conoco does not contend that it exercised the option. Moreover, its rights were transferred by the assignment to Wilkie. Gilbert v. Van Kleeck, 284 App.Div. 611, 132 N.Y.S. 580; City Garage & Sales Co. v. Ballenger, 214 Ala. 516, 108 So. 257.

The lease-back from Conoco to Wilkie being for more than the full term of Conoco's lease from Wilkie, and containing no reservation of any reversionary interest in the estate held by Conoco, constituted an assignment of the original lease. Conoco was, therefore, no longer a lessee of the property. The restriction was annexed to and dependent upon Conoco's leasehold estate. That estate having been terminated by the assignment the restriction was also thereby extinguished.

"It is a general rule that the duration of a real covenant is coextensive only with the estate to which it is annexed. A covenant is therefore extinguished when the estate ceases, when the covenant and the estate become vested in one person, or where there is a reconveyance of the land or estate to the covenantor." 14 Am.Jur., Covenants, Conditions and Restrictions, § 5.

 Defendant also urges that under the circumstances equity would impose a restrictive servitude upon the property in its favor. The conclusion we have reached as to the effect of the lease-back makes it unnecessary to consider the applicability of the doctrine of equitable servitude. That doctrine is generally applied only in cases where the rights of innocent third parties are involved, or where injustice would otherwise result from the application of legal remedies only. We do not find that to be the case here.

 Defendant's representative testified at the trial that the lease arrangement did not affect the sale price to Wilkie and that the sale price was that fixed by a local real estate dealer acting as "an independent appraiser." Though this representative also testified that the sale price was much less than Conoco's investment in the property, and that the fact that the sale price was less than its investment was considered in the company's negotiations with Wilkie, there was no showing or offer to show that the property was sold to Wilkie for less than its market value. Conoco's investment in the station would include "all pumps, tanks, hoists, air compressors, lubsters and advertising signs," which were excluded from the conveyance. Moreover, the lease-back was prepared and executed on Conoco's own printed form. The failure to reserve a reversionary interest in the leasehold was Conoco's own voluntary act. Under such circumstances equity will not create such a reversionary interest in order to impose an equitable servitude.

Judgment is reversed and cause is remanded with directions to enter judgment in favor of appellants.

Costs to appellants.

SMITH, C. J., and KNUDSON, McQUADE and McFADDEN, JJ., concur.